AMY R. LEVINE, State Bar No. 160743
alevine@mbdlaw.com
DAMARA MOORE, State Bar No. 215678
dmoore@mbdlaw.com
SARAH L. DANIEL, State Bar No. 233814
sdaniel@mbdlaw.com
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendant
SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.B, a minor, by and through T.B., His Guardian Ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. C08-02805 EDL<br><br>**SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S ANSWER** |

COMES NOW, Defendant San Ramon Valley Unified School District (District), and answers the Complaint (Complaint) of G.B. (Student), a minor, as follows:

1.  In response to paragraph 1, the District admits that the Office of Administrative Hearings (OAH) mailed a decision (Decision) on or about June 2, 2008, and admits that plaintiff has been aggrieved by and is entitled pursuant to 20 U.S.C. 1415(i) to appeal the Decision, which finds against him on the issues heard and decided. The District denies that plaintiff is aggrieved by or can appeal factual or legal findings that were not properly exhausted through the OAH administrative proceedings. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

2.  In response to paragraph 2 of the Complaint, the District admits this Court has jurisdiction over all issues that have been properly exhausted through the OAH proceedings, and denies that plaintiff is aggrieved by or can appeal factual or legal findings that were not properly exhausted through such proceedings. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

3.  In response to paragraph 3 of the Complaint, the District admits the Northern District of California is the proper venue for this matter. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

4.  In response to paragraph 4 of the Complaint, the District admits plaintiff is, and at all times mentioned in the Complaint was, a minor enrolled in the District. The District admits plaintiff is diagnosed with a speech and language impairment, and has been found eligible for special education and related services pursuant to the Individuals with Disabilities Education Act (IDEA) and California Education Code. The District is informed and believes and on that basis admits that plaintiff is, and at all times mentioned in the Complaint was, residing with his parents within the geographic boundaries of the District. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

5.  In response to paragraph 5 of the Complaint, the District admits the District is a public entity in the State of California, that it receives state funds pursuant to the California Education Code and federal funds pursuant to the IDEA, and that it is required to provide a free, appropriate public education to eligible students. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

6.  In response to paragraph 6 of the Complaint, the District avers that this paragraph contains only legal conclusions and argument and requires no response. The District denies any legal conclusions or assertions in this paragraph that are inconsistent with the IDEA. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

7.  In response to paragraph 7 of the Complaint, the District avers that this paragraph contains only legal conclusions and argument and requires no response. The District denies any legal conclusions or assertions in this paragraph that are inconsistent with the IDEA. Except as

admitted herein, the District denies each and every allegation contained in this paragraph.

8.  In response to paragraph 8 of the Complaint, the District avers that this paragraph contains only legal conclusions and argument and requires no response. The District denies any legal conclusions or assertions in this paragraph that are inconsistent with the IDEA. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

9.  In response to paragraph 9, the District admits OAH has the jurisdiction to conduct special education administrative due process hearings regarding the identification, evaluation, educational placement and/or provision of a free, appropriate public education for students with disabilities in California. The District admits OAH is authorized to conduct evidentiary hearings and render final decisions in such cases. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

10.  In response to paragraph 10, the District admits it initiated the due process hearing and had the burden of proof during that hearing to establish that: 1) it could conduct the Student's triennial evaluation without parental consent; and 2) the Student's parents were not entitled to an independent educational evaluation (IEE). The District denies that it had the burden regarding any issue related to undue delay. The District denies that undue delay was an issue in the OAH case or that the parents lacked sufficient information to consent. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

11.  In response to paragraph 11, the District admits the Student was previously diagnosed with a speech and language impairment. The District admits that a previous report indicated an assessment for autistic-like behaviors should be considered for him. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

12.  In response to paragraph 12, and all footnotes thereto, the District admits that an assessment plan was developed on April 7, 2006 by Program Manager, Jim Cox, proposing an independent academic assessment, an assistive technology assessment and a speech assessment. The District denies Dr. Cheong's academic assessment was proposed as a District assessment. The District denies any allegation that it violated assessment timelines with regard to any assessment and avers that this was not an issue plead in the due process matter. The District

lacks sufficient information or belief regarding the Administrative Law Judge's (ALJ) memory, but denies she improperly decided any facts regarding the proposed speech and language assessment. The District denies Ms. Ng testified it was her responsibility to coordinate the proposed speech and language assessment and avers this was not an issue plead in the due process matter. The District admits that plaintiff's parent obtained a private speech assessment in August 2006. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

13. In response to paragraph 13, and all footnotes thereto, the District admits that an IEP meeting was convened for plaintiff on or about August 18, 2006. The District admits the plaintiff's parents, Janet Terranova, Dr. Cheong, and Cheri Ng attended the IEP meeting. The District denies that excusal or IEP team composition were issues plead in the OAH matter. The District denies Dr. Cheong did not have a report to provide to the team and avers that a draft report was provided. The District denies that any issues related to the production of student records were plead in the OAH matter. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

14. In response to paragraph 14, and all footnotes thereto, the District admits that a copy of the final assessment report from Dr. Cheong was provided to plaintiff's parents on or about March 13, 2008. The District denies the report was incomplete. The District lacks sufficient information or belief as to why plaintiff's parents hired an attorney, and on this basis denies that the "parents hired an attorney to obtain" the report. The District admits the report recommended further evaluation to determine whether plaintiff is on the autistic spectrum. The District denies that it withheld any relevant information from the parents or the IEP team. The District denies knowledge of any additional assessments Dr. Cheong might have completed in excess of the proposed assessment plan. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

15. In response to paragraph 15, and all footnotes thereto, the District admits an IEP meeting was convened on or about August 30, 2007 to review an assistive technology assessment. The District admits plaintiff's triennial assessment was also discussed at this

meeting and a determination was made that an occupational therapy assessment was warranted immediately. The District denies this was the only assessment determined necessary for the triennial assessment. The District denies any legal conclusions that are inconsistent with the applicable law. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

16. In response to paragraph 16, and all footnotes thereto, the District admits Ms. Ng testified that she developed a triennial assessment plan on or about October 11, 2007. The District denies the assessment plan was not provided to plaintiff's parents at that time. The District admits the plan was not discussed with plaintiff's parents at the meeting convened on or about October 30, 2007. The District admits Ms. Ng testified she developed the plan in response to concerns and questions raised by plaintiff's teachers and for the purposes of completing plaintiff's triennial assessment. The District denies any allegation that District policy was violated and avers that no issue related to such a policy was plead in the OAH matter. The District admits Ms. Ng testified she had not received the final copy of Dr. Cheong's 2006 academic assessment prior to developing the triennial assessment plan. The District denies there is any issue of goals or progress reporting which was plead in the OAH matter. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

17. In response to paragraph 17, the District denies all allegations contained therein.

18. In response to paragraph 18, and all footnotes thereto, the District admits that a triennial IEP meeting was convened on or about December 19, 2007 and admits plaintiff's parents, their attorney Tamara Loughrey, and Doug Dildine attended. The District admits that an assessment plan was presented, denies it was presented by counsel, denies it was blank, and denies anything was communicated flippantly. The District admits there was a discussion at this meeting regarding the possible need to pursue due process in order to obtain consent for a necessary triennial assessment. The District denies the parents were told, "We don't have to tell you." The District denies making any statement that gathering information from the IEP team regarding the proposed assessments was not necessary. The District denies that any promise

5

was made to contact the parents regarding input on the assessment plan. The District denies that it did not provide sufficient information to allow informed consent to the proposed triennial assessment. To the extent this paragraph consists of legal conclusions and argument, the District avers this does not require a response and denies any legal conclusions which are inconsistent with applicable law. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

19. In response to paragraph 19, the District admits it provided to the parents, on or about January 18, 2008, an enhanced assessment plan. The District admits the parents were not contacted in the development of the enhanced assessment plan, but denies they had no input into plaintiff's assessments. The District denies related service providers did not provide input on the enhanced assessment plan. The District admits this enhanced plan was developed prior to the District's receipt of Dr. Cheong's final 2006 academic assessment report. The District admits Ms. Ng testified she consulted with school psychologist Damon Wright in the development of the enhanced plan. The District admits the parents had not previously consented to allow Mr. Wright to work with Student, but denies that such consent was necessary. The District admits Mr. Wright had not previously attended an IEP meeting for plaintiff. The District denies that it is possible to accurately predict with any certainty the amount of time necessary to perform the proposed assessments. The District denies plaintiff has been assessed within the last three years and denies it has been given the opportunity to conduct the assessments necessary to set his program for next year, due to the parents' refusal to allow the District to assess him. The District lacks sufficient information or belief regarding what will happen next year or when plaintiff might exit the District and on that basis denies that plaintiff is "a student who is leaving the District next year." Except as admitted herein, the District denies each and every allegation contained in this paragraph.

20. In response to paragraph 20, the District denies all allegations contained therein.

21. In response to paragraph 21, the District denies that it is possible to accurately predict with any certainty the amount of time necessary to perform the proposed assessments. The District admits specific speech and language instruments were not identified in the

assessment plan and avers that those specific instruments are not required to be included. The District does not have sufficient information or belief of whether plaintiff has autism, as it has not been assessed, and on that basis denies the allegation that plaintiff has autism. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

22. In response to paragraph 22, the District admits it argued, through counsel, its right to assess plaintiff's suspected autistic-like behavior. The District denies it failed to disclose any relevant information to plaintiff's parents. The District denies any allegation of unnecessary delay and avers this is not an issue plead in the OAH matter. The District avers there is no issue in the OAH matter or the instant appeal regarding a denial of a free appropriate public education (FAPE).

23. In response to paragraph 23 of the Complaint, the District states that a complete copy of this paragraph was not served on the District. The District therefore lacks sufficient information or belief as to the allegations contained in this paragraph and on that basis denies them.

24. In response to paragraph 24 of the Complaint, the District states that a complete copy of this paragraph was not served on the District. The District therefore lacks sufficient information or belief as to the allegations contained in this paragraph and on that basis denies them.

25. In response to paragraph 25 of the Complaint, the District admits Ms. Ng attempted in April 2008 to schedule an IEP meeting to review Dr. Cheong's report at the parent's request. The District also admits Ms. Ng testified that at the time the triennial assessment plan was generated, plaintiff's school site had not received a final copy of Dr. Cheong's 2006 academic assessment. The District denies that its conduct negates any argument that Dr. Cheong's report was two years old, denies that it thought that Dr. Cheong's report was a sufficient basis for an IEE, and denies that it could not or did not present evidence to prove its contention at the hearing that the parents were not entitled to an IEE in this matter. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

26. In response to paragraph 26 of the Complaint, the District admits that an IEP meeting was held on May 30, 2008, but denies that it was a "clean up" IEP and avers that this meeting is irrelevant to this appeal as it occurred after the OAH hearing. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

27. In response to paragraph 27 of the Complaint, the District denies all allegations inconsistent with applicable law. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

## CAUSE OF ACTION

28. In response to paragraph 28, the District incorporates herein its responses to paragraphs 1-27, inclusive, to the Complaint.

29. In response to paragraph 29, the District denies each and every allegation contained therein.

30. In response to paragraph 30, the District denies each and every allegation contained therein.

31. In response to paragraph 31, the District denies each and every allegation contained therein.

32. In response to paragraph 32, the District admits that administrative remedies have been exhausted regarding the issues plead and proven by the District but denies that plaintiff exhausted his administrative remedies regarding any additional issues or requests for relief. Except as admitted herein, the District denies each and every allegation contained in this paragraph.

## PRAYER FOR RELIEF

33. In response to each and every prayer for relief and wherefore clause in the Complaint, defendant denies that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first, separate and affirmative defense to the allegations of the Complaint, defendant alleges that the Complaint, and each and every claim for relief therein, fails to state a claim upon

which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a second, separate and affirmative defense to the allegations of the Complaint, defendant alleges that plaintiff lacks standing to bring this Complaint.

## THIRD AFFIRMATIVE DEFENSE

As a third, separate and affirmative defense to the allegations of the Complaint, defendant alleges that plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and affirmative defense to the allegations of the Complaint, defendant alleges plaintiff is barred and precluded from any relief in this action under the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and affirmative defense to the allegations of the Complaint, defendant alleges plaintiff has waived the claims plead in the Complaint and any right to recover against the District.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and affirmative defense to the allegations of the Complaint, defendant alleges that plaintiff is estopped from asserting the claims plead in the Complaint, and from recovering against District.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh, separate and affirmative defense to the allegations of the Complaint, defendant alleges that plaintiff's claims are barred by the failure to exhaust available administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate and affirmative defense to the allegations of the Complaint, defendant alleges that plaintiff's claims are barred by a lack of subject matter jurisdiction.

## NINTH AFFIRMATIVE DEFENSE

As a ninth, separate and affirmative defense to the allegations of the Complaint,

defendant alleges that the portions of the OAH decision by which plaintiff is aggrieved are thorough and careful and are entitled to deference.

### TENTH AFFIRMATIVE DEFENSE

As a tenth, separate and affirmative defense to the allegations of the Complaint, defendant alleges that plaintiff is not entitled to a remedy because his parents' actions have been unreasonable.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh, separate and affirmative defense to the allegations of the Complaint, defendant alleges that plaintiff failed to mitigate his damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth, separate and affirmative defense to the allegations of the Complaint, defendant alleges the remedies plaintiff seeks are not appropriate and/or are unreasonable.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth, separate and affirmative defense to the allegations of the Complaint, defendant alleges that the Complaint and each of its causes of action are barred, or recovery reduced, by the doctrine of consent.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth, separate and affirmative defense to the allegations of the Complaint, defendant alleges that the Complaint and each of its causes of action are barred, or recovery reduced, by plaintiff's willful misconduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth, separate and affirmative defense to the allegations of the Complaint, defendant alleges that the Complaint and each of its causes of action are barred, or recovery reduced, by plaintiff's carelessness, recklessness, and/or negligence in the matters complained of in the Complaint and/or by the intervening acts of third parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth, separate and affirmative defense to the allegations of the Complaint, defendant alleges that the Complaint and each of its causes of action are barred, or recovery

reduced, because the matters complained of are the responsibility of plaintiff and/or third parties.

**WHEREFORE,** defendant prays for judgment as follows:

1. That plaintiff take nothing by way of his Complaint;
2. That defendant be awarded its attorneys' fees, expenses and costs; and
3. For any other additional relief that the Court deems just and proper.

DATED: June 26, 2008					MILLER BROWN & DANNIS

By: /s/ Amy R. Levine
AMY R. LEVINE
Attorneys for Defendant
SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT

SF 318106v1    SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S ANSWER; CASE NO. C08-02805 EDL