AMY R. LEVINE, State Bar No. 160743
alevine@mbdlaw.com
DAMARA MOORE, State Bar No. 215678
dmoore@mbdlaw.com
SARAH L. DANIEL, State Bar No. 233814
sdaniel@mbdlaw.com
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendant
SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.B., a minor by and through T.B., his Guardian Ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No. C-08-02805 EDL<br><br>**DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE RECORD**<br><br>Hearing Date:  August 26, 2008<br>Time:  9:00 a.m.<br>Courtroom:  E, 15th Floor<br>Magistrate Judge: Hon. Elizabeth D. Laporte<br><br>Complaint Filed: June 5, 2008 |

## I. INTRODUCTION

Plaintiff G.B. is a 17 year old boy who qualifies for special education under the category of speech or language impairment. He and the defendant San Ramon Valley Unified School District ("District") were parties to an administrative due process hearing before the California Office of Administrative Hearings (OAH) to resolve a dispute regarding the District's right to conduct a reassessment of Student and whether G.B.'s parents ("Parents") are entitled to an

1

DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE RECORD; CASE NO. C 08-02805 EDL

SF 321859v1

independent educational evaluation ("IEE") at this time. OAH convened a three day hearing, which included testimony from several witnesses and multiple exhibits. After carefully reviewing the evidence, on June 2, 2008, the administrative law judge (ALJ) found in the District's favor on all hearing issues in a thoughtful decision. On June 5, 2008, Plaintiff, through his mother T.B., has filed this appeal and request for a *de novo* review of the hearing decision. (Declaration of Sarah Daniel, ¶ 2, Ex. A)

After the plaintiff filed this action, the District learned that a portion of the administrative record was missing, due to the loss of the recording by OAH after the hearing was completed. (Declaration of Anne Stewart, ¶ 4) Although all the exhibits, correspondence and pleadings from the administrative hearing are intact, approximately fifteen minutes of testimony from day three of the administrative hearing is missing. (Daniel Dec., ¶ 5) The missing fifteen minutes of testimony are that of G.B.'s father ("Father") on day three of the hearing held on May 14, 2008. Luckily, the District made its own recording of the hearing and was able to accurately transcribe Father's testimony verbatim. (Daniel Dec., ¶ 7; Declaration of David Barbaras, ¶ 2) The District asked plaintiff to stipulate to the reconstruction of the record with the transcript, but plaintiff had not provided a firm response by the time of this filing. (Daniel Dec., ¶ 9, Ex. C) Since a review of the administrative record is essential to the resolution of this appeal, the District now moves this Court for leave to reconstruct and supplement the Court's record through the transcription of Father's testimony.

## II. APPLICABLE LAW

### A. Substantive Requirements

Under federal and State law, disabled students have the right to a "free appropriate public education" (FAPE). 20 U.S.C. § 1400(d); Educ. Code § 56000. That term means "special education" and "related services" available to the student at no charge, which meet State educational standards, and conform to the student's individualized IEP. 20 U.S.C. § 1401(8).

The parameters for adequacy of a student's IEP are set forth in the seminal case of

2

DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE RECORD; CASE NO. C 08-02805 EDL

SF 321859v1

*Board of Education of the Hendrick Hudson School District v. Rowley*, 458 U.S. 176 (1982). There, the Court concluded that the Individuals with Disabilities Education Act ("IDEA," now the Individuals with Disabilities Improvement Act), 20 U.S.C. § 1400 *et seq.*, does not require school districts to provide special education students with the best education available or with instruction or services that maximize the student's potential. *Rowley*, 458 U.S. at 198-99. Instead, school districts are required to provide only a "basic floor of opportunity." *Rowley*, at 200-201. The benchmark for whether this standard is met is that the IEP must be reasonably calculated to provide the student with some educational benefit. *Id.*, at 206-07. The appropriateness of the district's offer must be considered in light of the information reasonably available to the district at the time it was made. *Adams v. State of Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999).

### B. Procedural Requirements

The Court in *Rowley* also recognized the importance of adherence to the procedural requirements of the IDEA. *Rowley*, at 205. States must establish certain procedural safeguards to ensure that each student with a disability receives the FAPE to which he is entitled and that parents are involved in the formulation of the student's educational program. *W.G. v. Board. of Trustees of Target Range School Dist. No. 23*, 960 F.2d 1479, 1483 (9th Cir. 1992). The procedural rights that extend to the parents include the right to be informed in writing when the district proposes to initiate or change the identification, evaluation, or educational placement of the child, the right to participate in the development of the child's IEP, and the opportunity for a due process hearing. 20 U.S.C. § 1415(b).

Procedural flaws do not, however, automatically require a finding of a denial of FAPE. Only procedural violations that result in the loss of educational opportunity to the student or seriously infringe on the parent's opportunity to participate in the IEP process rise to a denial of a FAPE. *W.G.*, at 1484; *Roland M. v. Concord School Comm.*, 910 F.2d 983, 994 (1st Cir. 1990); 20 U.S.C. § 1415(f)(3)(E)(ii). Mere technical violations will not render an IEP invalid, as "any other rule would exalt form over substance." *Doyle v. Arlington Co. Sch. Bd.*, 806

3

DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE RECORD; CASE NO. C 08-02805 EDL

SF 321859v1

F.Supp. 1253, 1260 (E.D. Va. 1992); *Ms. S. v. Vashon Island Sch. Dist.,* 337 F.3d 1115, 1129 (9th Cir. 2003).

### C. Due Process and Appeal

An appeal of a due process hearing decision may be brought as a civil action under 20 U.S.C. section 1415(i)(2)(A). On appeal, the reviewing court receives the records of the administrative proceeding and decides whether or not to uphold that decision based on a preponderance of the evidence presented at the hearing and any supplemental evidence that the court permits. 20 U.S.C. § 1415(i)(2)(C). The IDEA explicitly allows for the administrative hearing record to be supplemented, and provides that in any action brought to review the due process decision, the court *shall hear* additional evidence at the request of a party. 20 U.S.C. § 1415(i)(2)(B) (emphasis added).

Although the review of a due process decision is labeled "*de novo*," the law does not provide for complete *de novo* review. "'Complete *de novo* review … is inappropriate. … Because Congress intended states to have the primary responsibility of formulating each individual child's education, [courts] must defer to their 'specialized knowledge and experience' by giving 'due weight' to the decisions of the states' administrative bodies.'" *Vashon Island*, at 1126.

In addition, the law does not provide for a trial *de novo*. *Capistrano Unified Sch. Dist. v. Wartenberg,* 59 F.3d 884, 891 (9th Cir. 1995). In the Ninth Circuit, special education appeals are resolved by a motion for summary judgment, which is not a true motion for summary judgment, but is essentially a bench trial on a stipulated record. *Id.,* at 892. Under this procedure, the parties can dispose of the case based on the administrative record as supplemented, even though factual disputes remain. *Id.,* at 891-92.

### III. SUPPLEMENTATION IS APPROPRIATE IN THIS CASE

#### A. Supplementation is Appropriate to Fill in the Gaps in the Administrative Transcript

As mentioned above, the IDEA explicitly allows for additions to the hearing record, and provides that "the court shall hear additional evidence at the request of a party." 20 U.S.C. §

4

DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE RECORD; CASE NO. C 08-02805 EDL

SF 321859v1

1415(i)(2)(B). In the Ninth Circuit, additional evidence will be admitted if it *supplements* the record. *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472-73 (9th Cir. 1993). Thus construed, the provision allowing the court to consider additional evidence where it supplements the record does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony or allow parties to save their best evidence for federal court. *Id.* As the Ninth Circuit noted, "this interpretation ... structurally assists in giving due weight to the administrative proceeding, as *Rowley* requires." *Id.*

The court has wide discretion in determining what additional evidence shall be considered. *Id.* The *Ojai* court stated:

> The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

*Id.* Several other circuits have also cited "gaps in the administrative transcript" as permissible grounds for when the hearing record may be supplemented. *See, e.g., Burlington v. Mass. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir.1984), *aff'd*, 471 U.S. 359 (1985); *Walker Co. Sch. Dist. v. Bennett*, 203 F.3d 1293, 1298-99 (11th Cir. 2000); *Kingsmore v. District of Columbia*, 466 F.3d 118 (D.C.Cir. 2006).

Thus, this case falls within the established rule for when supplementation of the record is appropriate. There is a gap in the administrative transcript owing to the loss of the recording by OAH, and a portion of the testimony is missing. Thus, such supplementation is clearly authorized by law and should be allowed. Accordingly, the District respectfully asks for leave to reconstruct and supplement the Court's record through the transcription of Father's testimony.

**B.  The Record Must Be Reconstructed to Give Proper Deference to the ALJ and Avoid Prejudice to the District**

Moreover, if the record were not supplemented, the Court could not conduct its *de novo*

5

DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE RECORD; CASE NO. C 08-02805 EDL

SF 321859v1

review of the evidence, and could not give proper deference to the hearing officer's decision as *Rowley* requires. The Supreme Court has directed that the district courts are not "to substitute their own notions of sound educational policy for those of the school authorities which they review." *Rowley*, at 206. Nor could the court give proper deference to the credibility determinations made by the ALJ without a reconstruction of the record. *See, Glendale Unif. Sch. Dist. v. Almasi*, 122 F.Supp.2d 1093, 1101 (C.D. Cal. 2000). The District, as the prevailing party below, would be greatly prejudiced if portions of the evidence supporting the ALJ's decision were ignored. Thus, for all these reasons, the District requests that it be permitted to supplement the record through the transcription of Father's testimony.

## IV. CONCLUSION

For the foregoing reasons, the District requests that the Court allow the record to be supplemented with the transcription of Father's testimony prepared by the District.

DATED: July 18, 2008                                MILLER BROWN & DANNIS

By: /s/ Amy R. Levine
AMY R. LEVINE
Attorneys for Defendant
SAN RAMON VALLEY UNIFIED
SCHOOL DISTRICT

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

SF 321859v1

6

DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE RECORD; CASE NO. C 08-02805 EDL