AMY R. LEVINE, State Bar No. 160743
alevine@mbdlaw.com
DAMARA MOORE, State Bar No. 215678
dmoore@mbdlaw.com
SARAH L. DANIEL, State Bar No. 233814
sdaniel@mbdlaw.com
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendant
SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.B., a minor by and through T.B., his Guardian Ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No. C-08-02805 EDL<br><br>**DECLARATION OF SARAH DANIEL IN SUPPORT OF DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD**<br><br>Hearing Date: August 26, 2008<br>Time: 9:00 a.m.<br>Courtroom: E, 15th Floor<br>Magistrate Judge: Hon. Elizabeth Laporte<br><br>Complaint Filed: June 5, 2008 |

I, Sarah Daniel, declare as follows:

1. I am an attorney at Miller Brown & Dannis, counsel of record for Defendant in this action, and make this declaration in support of Defendant's Motion to Supplement the Record.

2. I represented the San Ramon Valley Unified School District ("District") in the underlying due process hearing in this matter. The hearing resulted in a decision in the District's favor, a true and correct copy of which is attached hereto as Exhibit A.

3. Karen Heilbronner, the District's Director of Secondary Special Education, was present on the District's behalf each day of hearing. I observed Ms. Heilbronner, with

1

1 permission of the Administrative Law Judge, make a digital recording of the administrative
2 hearing on a personal digital recorder from our table in the hearing room. I personally observed
3 Ms. Heilbronner turn the recorder on at the beginning of G.B.'s father's testimony on May 14,
4 2008, in order to capture the testimony for the District's record.

5   4.   I have had opportunity to review the recordings Ms. Heilbronner created of this
6 due process hearing. The recording created by Ms. Heilbronner is an accurate recording of the
7 due process hearing in this matter.

8   5.   On or about June 18, 2008, my office requested a copy of the transcript of the
9 due process hearing from the Office of Administrative Hearings ("OAH"). A copy of the
10 transcript was received from OAH on or about July 9, 2008. Upon review of the transcript
11 received, I discovered that G.B.'s father's testimony was missing entirely from the record.

12   6.   On July 16, 2008, I received an original compact disc from Karen Heilbronner at
13 the District marked "G. [B.] Hearing 5/14/08," which included the missing portion of the
14 hearing in question (G.B.'s father's testimony).

15   7.   That compact disc remained in my possession until I delivered it to David
16 Barbaras, a paralegal in my office, on July 16, 2008. At that time, I requested that Mr. Barbaras
17 create a transcript of the missing testimony from the recording on the disc. Mr. Barbaras
18 transcribed the testimony and provided me with that transcript on July 17, 2008.

19   8.   I reviewed the transcript created by Mr. Barbaras and it is an accurate account of
20 the testimony presented by G.B.'s father at the due process hearing, to the best of my
21 recollection.

22   9.   On July 17, 2008, my office sent a copy of the transcript and a proposed
23 stipulation to supplement the record to Plaintiff's mother, T.B., by email and U.S. mail. A true
24 and correct copy of that correspondence is attached as Exhibit B.

25   10.   On the evening of July 17, 2008, T.B. indicated by email that she would not be
26 available to review the correspondence regarding the transcript issue until Monday, July 21,
27 2008. A true and correct copy of the email is attached here as Exhibit C.

28   11.   On July 18, 2008, my office communicated to T.B. that we would file a motion

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

SF 322022v1

1  to supplement the record with the transcript prepared by Mr. Barbaras, although we still
2  requested that she consider the stipulation upon her return to avoid having the Court rule on the
3  motion. A true and correct copy of that communication is attached here as Exhibit D.
4      I declare under penalty of perjury, under the laws of the United States, that the foregoing
5  is true and correct and of my personal knowledge. Executed this 18th day of July 2008, at San
6  Francisco, California.

7                               /s/ Sarah Daniel
                                Sarah Daniel

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

SF 322022v1

3
DECLARATION OF SARAH DANIEL IN SUPPORT OF DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD; CASE NO. C-08-02805 EDL

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF CALIFORNIA

In the Matter of:

SAN RAMON VALLEY UNIFIED
SCHOOL DISTRICT,

           Petitioner,

v.

STUDENT,

           Respondent.

OAH CASE NO. 2008040331

**CORRECTED DECISION**

    Suzanne Dugan, Administrative Law Judge, Office of Administrative Hearings, State of California, heard this matter on May 12, 13 and 14, 2008, in San Ramon, California.

    San Ramon Valley Unified School District (District) was represented by Sarah Daniel, Attorney at Law. Karen Heilbronner, District Director for Secondary Special Education, was present during the hearing.

    Student's mother (Mother) represented Student.

    The District filed its request for due process hearing on April 9, 2008. Oral and documentary evidence were received during the hearing. The record remained open for the submission of written closing arguments by May 23, 2008, when the record was closed and the matter was submitted for decision.

ISSUES

    1.    Is the District entitled to conduct a triennial assessment of Student in accordance with the October 11, 2007 and the January 18, 2008 enhanced assessment plan?

    2.    Are Parents entitled to an Independent Educational Evaluation at District's expense?

FACTUAL FINDINGS

1.  Student is sixteen years old and resides in the District with his family. He currently is in the eleventh grade at California High School, located within the District. Student is eligible for special education under the category of Speech or Language Impaired. Student's first Individualized Education Program (IEP) was signed on May 29, 1998, when Student was in the first grade. Student had his last triennial assessment in June 2004. Student's triennial assessment was due in November 2007.

2.  Once a student is determined to be eligible for special education programs and services, that student must be assessed at least once every three years, and not more often than once yearly, unless the parents and the local educational agency (LEA) otherwise agree to a different assessment schedule.

3.  District contends that they have the right to conduct a triennial assessment of Student, who has not had a comprehensive assessment since June 2004. District asserts that Student warrants reassessment because he appears to be more capable than his most recent test scores demonstrate and he will be transitioning out of high school to a job or college. District contends that they have the right to use their own qualified personnel for the assessment and that Student's parents do not have the right to request an IEE because there is no District assessment with which parents are disagreeing. District also asserts that a 2006 assessment performed by an independent evaluator, at District expense, does not entitle parents to another IEE.

4.  Parents contend that the triennial assessment was addressed in an IEP meeting on August 30, 2007, and the only assessment required for the triennial review was an Occupational Therapy assessment. Parents contend that they are entitled to be fully informed of the proposed assessment, and that District failed to identify the assessors or present the educational background, licenses, training or credentials of all prospective assessors. Parents contend that District has not taken reasonable measures to obtain consent of Parents and therefore District is not entitled to an order overriding Parents refusal to consent to the triennial assessment. Specifically, Parents also contend the list specific tests that they proposed to perform for the assessment, which they thought was required. Mother believed that District would use improperly trained evaluators to perform testing. She does not dispute the need for an OT assessment, but wants to ensure appropriate qualification by meeting first with the proposed assessor. Mother believed that excessive testing has been performed, that testing is stressful to the Student, and that further testing is not necessary or of use to Student

5.  Parents also contend that they are entitled to an IEE at District's expense since the District did not timely provide Dr. Jackie Cheong's 2006 assessment, an independent assessor. Student's last triennial assessment was done by Dr. Jackie Cheong in June 2004.[1]

---

[1] Dr. Cheong is licensed as a school psychologist and has been a psychologist for 29 years. She has a doctorate in Educational Psychology, a master's in School Psychology, and bachelor's in Psychology. Dr. Cheong assessed Student for his last triennial assessment in June 2004.

Dr. Cheong, as an independent evaluator by agreement of the parties evaluated Student's reading and writing achievement in June 2006. Dr. Cheong presented her preliminary findings in a draft report at the August 2007 IEP meeting where the issue of OT testing was also discussed. Mother mistakenly thought that meeting was a triennial review. Karen Heilbronner, Director of Secondary Special Education, and Cheri Ng, Resource Specialist, established that the meeting was not a triennial assessment.

6. On October 11, 2007, the District proposed a written assessment plan for Student's triennial assessment. The assessment plan, created by Ms. Ng, sought to test in the following areas: academic/academic areas by a resource specialist and a general education teacher, speech/language by a speech and language pathologist, intellectual development by a psychologist, health/physical status by a District nurse, gross/fine motor development by an assistive technology specialist and occupational therapist, and career/vocational by a resource specialist.[2] Parents did not sign the assessment plan and did not consent to conduct the assessments. The January 18, 2008 assessment plan was developed by Ms. Ng in response to Parents' request for specific tests in the areas to be assessed.

7. On December 19, 2007, an IEP meeting was held which parents attended. The primary purpose of the meeting was the Triennial Review. District sought parents consent to the assessment plan. Parents did not consent to Student's IEP. Parents contended that they had not received the written final assessment of Dr. Cheong's 2006 tests, which they were disputing. Parents received Dr. Cheong's final written assessment on March 15, 2008. Parents requested an IEE due to the lapse of time since the assessment and before the report was received.[3] Parents contended that the report is incomplete and does not contain results of all the testing. Ms. Heilbrenner credibly established that she informed Mother that District would not provide an IEE at this time as parents did not consent to the triennial assessment so there were no reports available for parents to disagree.

*Triennial Review*

8. Dr. Cheong believed a current assessment was needed given Student's age, his progress, and to assess the effectiveness of accommodations in each class. Dr. Cheong believed Student's functional skills after high school and his job skills should be addressed. Dr. Cheong was ambivalent about the need for intellectual development testing as Student's IQ scores have remained the same since he was in the third grade, but recent test scores might be needed if he goes to college.

9. Janet Terranova, Assistant Principal at California High School and supervisor of special education. Ms. Terranova has known Student for three years and she believed assessments were needed to determine what services Student currently needs. Student

---

[2] District withdrew their request to complete assistive technology assessment and their request for a health/physical status evaluation in their Pre-hearing Conference Statement on April 29, 2008.

[3] Parents contended that the report is incomplete and does not contain results of complete testing.

3

passed his high school exit exam and is on track for graduation, but Ms. Terranova believed further assessment was needed to track Student's progress and goals.

10.  Jill Chandler, speech and language pathologist, was familiar with Student in the ninth grade and had reviewed Student's file. She had not seen Student since then as Parents asked that she not see Student. Parents arranged for a private evaluation in Speech and Language. Therefore, District had not done a speech assessment within the last three years and current levels of performance were necessary to properly address his needs.

11.  Teri Lock is an occupational therapist who worked with Student in the ninth grade. She knows that Student is due for a triennial assessment and believes assessment should evaluate what services Student currently needs. She recommended evaluation of Student's gross motor skills, fine motor skills, and agility.

12.  Doug Dildine works in the Independent Living Center and attended the December 19, 2007 IEP meeting and reviewed the assessment form. His testimony established that assessments are used to develop a clear idea of Student's ability to live as independently as possible. Vocational assessment is especially important in an IEP when Student is sixteen years old and therefore Student needs vocational assessment.

13.  Student's father (Father) attended the August 2007 IEP meeting where Dr. Cheong said that her assessments of Student were incomplete. Father helped Student with homework and noticed that Student's resistance had changed regarding academics. Student has needs or deficits in OT and is missing information to plan for college or life after high school. Based on his observation of Student, testing is difficult for Student and caused him to like school less. Father believes the quantity of assessment is burdensome for Student.

14.  Based on Ms. Terranova's credible testimony and her review of Student's records, District has the right and obligation to assess Student for his three year triennial assessment and to determine Student's needs. Student's last triennial was in 2004 and his next triennial was due in 2007. The weight of the evidence established that District's personnel is qualified and competent to assess student's current condition.

*IEE*

15.  Parents contend they are entitled to an IEE because the District caused a substantial delay in the delivery of Dr. Cheong's assessment report.

16.  Dr. Cheong's report was not prepared for the purposes of a triennial assessment. While the final report itself was not delivered to the Parents until 2008, the report was discussed at the August 2007 IEP.

## LEGAL CONCLUSIONS

1.      The District bears the burden of persuasion in this matter. (*Schaffer vs. Weast* (2005) 546 U.S. 49 [126 S.Ct. 528].)

2.      Reassessment of a student eligible for special education must be conducted at least every three years, or more frequently if the local educational agency determines conditions warrant reassessment, or if a reassessment is requested by the student's teacher or parent. (20 U.S.C. § 1414(a)(2)(A); Ed. Code, § 56381, subds. (a)(1), (2).)

3.      A reassessment requires parental consent. (20 U.S.C. § 1414(c)(3); Ed. Code, §§ 56321, subd. (c), 56381, subd. (f).) To obtain consent, a school district must develop and propose a reassessment plan. (20 U.S.C. § 1414(b)(1); Ed. Code, §§ 56321, subd. (a), 56381, subd. (f).) If the parents do not consent to the plan, the district can conduct the reassessment only by showing at a due process hearing that it needs to reassess the student and is lawfully entitled to do so. (20 U.S.C. § 1414(a)(1)(D); 34 C.F.R. § 300.300(c) (2006); Ed. Code, §§ 56321, subd. (c), 56381, subd. (f), 56501, subd, (a)(3), 56506, subd. (e).) The District must propose a written assessment plan and include notice of the procedural safeguards under the Individuals with Disabilities Education Improvement Act (IDEA) and state law. (20 U.S.C § 1414(a)(1)(D)(ii); Ed. Code, §§ 56321, 56329, 56381.)

4.      As determined in Factual Findings 5 to 14, and Legal Conclusion 2 and 3, Student's triennial evaluation was due in November 2007. Accordingly, the District is entitled to conduct a reassessment of Student for the triennial evaluation. The District properly noticed the triennial assessment to Parents and provided a proper written assessment plan to Student.

5.      As determined in Factual Findings 2 to 14, and Legal Conclusions 5 to 7, Student's parents did not consent to the October 11, 2007 or the January 18, 2008 assessment plan. The District has the right to evaluate Student for special education services using its own personnel. In so doing, District staff needs to use their professional judgment and training to determine the proper tests to be given, the nature of observations during the assessment process, and information they need to gather to produce valid test results. The conditions and restrictions proposed by Parents to select assessors and an independent evaluator would unfairly constrain the assessment process such that the District might not have received the proper picture of Student, the nature of his disability, and how best to meet his needs in the educational environment. The District made reasonable efforts to obtain parental consent to the assessment plan and made reasonable efforts to inform the Parents about the process. The District is legally mandated to reassess Student for his triennial evaluation without restriction or condition from the parents. Accordingly, the District is entitled to assess Student pursuant to the October 11, 2007 as enhanced by the January 18, 2008 assessment plan, without condition or restriction and without parental consent. District is entitled to conduct its triennial assessment and no determination of the availability of an IEE to challenge that specific assessment is determined in this decision.

6.      A parent who wishes that a child receive special education services must allow reassessment if conditions warrant; "if the parents want [their child] to receive special education under the Act, they are obliged to permit such testing." (*Gregory K. v Longview School Dist.* (9th Cir. 1987) 811 F.2d 130, 1315.) "A parent who desires for her child to receive special education must allow the school district to reevaluate the child using its own personnel; there is no exception to this rule." (*Andress v. Cleveland Independent School Dist.* (5th Cir. 1995) 64 F.3d 176, 179.)

## ORDER

1.      The District is entitled to assess Student pursuant to the October 11, 2007 as enhanced by the January 18, 2008 assessment plan, without conditions or restrictions imposed by Parents, and without parental consent.

2.      If Parents intend for Student to attend a public school, Parents shall make Student reasonably available for assessment by the District.

3.      Parents are not entitled to a triennial IEE at District expense.

## PREVAILING PARTY

The hearing decision shall indicate the extent to which each party has prevailed on each issue heard and decided. (Ed. Code, § 56507, subd. (d).) The District prevailed on all issues heard and decided.

## RIGHT TO APPEAL THIS DECISION

The parties have the right to appeal this Decision to a court of competent jurisdiction. If an appeal is made, it must be made within ninety (90) days of receipt of this decision. (Ed. Code, § 56505, subd. (k).)

DATED: June 2, 2008

SUZANNE DUGAN
Administrative Law Judge
Office of Administrative Hearings

# Chris Davis

| | |
|---|---|
| **From:** | Chris Davis |
| **Sent:** | Thursday, July 17, 2008 3:29 PM |
| **To:** | 't.brock@comcast.net' |
| **Subject:** | GB v. San Ramon Valley Unif. Sch. Dist..: Letter from Amy Levine RE OAH Administrative Record |
| **Importance:** | High |
| **Attachments:** | 07-17-08 letter from Amy R. Levine.pdf |

Ms. Brock -

Please find attached correspondence, with enclosures, from Amy Levine. A hard copy of this letter has mailed to your attention.



07-17-08
from Amy R.


Chris Davis
Legal Assistant
Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA  94105
Tel: (415) 543-4111
Fax: (415) 543-4384
cdavis@mbdlaw.com
www.mbdlaw.com

This email message is for the sole use of the intended recipient(s). It may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient(s), please alert the sender by reply email and destroy all copies of the original message. Thank you.



**AMY R. LEVINE**
ATTORNEY AT LAW
alevine@mbdlaw.com

SAN FRANCISCO

July 17, 2008

**VIA EMAIL AND FIRST CLASS MAIL**
Tamara Brock
19 Century Oak Ct.
San Ramon, CA 94583

Re:   *Gregory B. v. San Ramon Unif. Sch.Dist.*
      U.S. District Court, Northern District of California, Case No. C08-02805
      Our File: 7075.11508

Dear Mrs. Brock:

The San Ramon Valley Unified School District ("District") has received the due process hearing transcript in the above-referenced matter. In reviewing the transcript, the District determined the testimony of T      B      given on May 14, 2008 is not reflected in the transcript. We have inquired with the Office of Administrative Hearings and they have advised us that this portion of the hearing record is missing.

As you may recall, during the due process hearing held in May 2008, the District recorded the due process hearing. Since the transcript prepared by the Office of Administrative Hearings is not complete, to ensure a complete record of the due process hearing, the District has relied on its electronic recording of the due process hearing and has completely and accurately transcribed Mr. B      testimony. We have attached a true and correct copy of the transcript for your review.

If you are agreeable with the attached transcript, please review and sign the attached **STIPULATION AND ORDER REGARDING RECONSTRUCTION OF THE ADMINISTRATIVE HEARING RECORD** allowing the Court to supplement the record with the transcript. Please reply no later than noon on Friday July 18, 2008, as we intend to file a motion with the Court to supplement the record if you do not agree to the proposed supplementation. Thank you in advance for your prompt reply.

Sincerely,

MILLER BROWN & DANNIS

Amy R. Levine
ARL/cmd

Enclosures

SAN FRANCISCO
71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel 415.543.4111
Fax 415.543.4384

LONG BEACH
301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802
Tel 562.366.8500
Fax 562.366.8505

SAN DIEGO
750 B Street
Suite 2310
San Diego, CA 92101
Tel 619.595.0202
Fax 619.702.6202

www.mbdlaw.com

Exhibit B
Page 2 of 15

SF 321979v1

ADVOCACY  EXPERIENCE  LEADERSHIP

| | |
|---|---|
| 1 | AMY R. LEVINE, State Bar No. 160743 |
|   | alevine@mbdlaw.com |
| 2 | DAMARA MOORE, State Bar No. 215678 |
|   | dmoore@mbdlaw.com |
| 3 | SARAH L. DANIEL, State Bar No. 233814 |
| 4 | sdaniel@mbdlaw.com |
|   | MILLER BROWN & DANNIS |
| 5 | 71 Stevenson Street, 19th Floor |
|   | San Francisco, CA 94105 |
| 6 | Telephone: (415) 543-4111 |
| 7 | Facsimile:  (415) 543-4384 |
| 8 | Attorneys for Defendant |
|   | SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT |

10  TAMARA BROCK
11  19 Century Oaks Ct.
    San Ramon, CA  94583
12  Telephone: (925) 803-1503

13  Guardian Ad Litem, for Plaintiff G.B., In Pro Per

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.B., a minor by and through T.B., his Guardian Ad Litem, | Case No.  C-08-02805 EDL |
| Plaintiff, | **STIPULATION AND ORDER REGARDING RECONSTRUCTION OF THE ADMINISTRATIVE HEARING RECORD** |
| v. | |
| SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT, | |
| Defendants. | |

The parties have been informed that a portion of the administrative record is missing from the administrative hearing conducted in this matter before the California Office of Administrative Hearings (OAH), specifically, the testimony of G.B.'s Father ("Father"). They therefore agree that the administrative record in this matter be supplemented in order to recreate such missing testimony. The parties have agreed to the following process for reconstructing and

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

supplementing the record and request that the Court enter it as an order in this action:

1. Defendant San Ramon Valley Unified School District ("District") has accurately transcribed the testimony of Father given on May 14, 2008. The District prepared the transcript of his testimony from a true and correct recording of the due process hearing which the District electronically recorded during the administrative due process hearing held on May 12-14, 2008.

2. The parties agree the transcript of Father's testimony prepared by the District is a true and accurate transcription of his testimony given on May 14, 2008.

3. The parties agree the transcript of Father's testimony prepared by the District shall be lodged with the Court forthwith under seal to supplement the record in the above-captioned matter.

The foregoing is agreed to by:

DATED: _____

MILLER BROWN & DANNIS

By: _____
AMY R. LEVINE
Attorneys for Defendant
SAN RAMON VALLEY UNIFIED
SCHOOL DISTRICT

DATED: _____

By: _____
TAMARA BROCK
Guardian Ad Litem, for Plaintiff G.B. In Pro Per

IT IS SO ORDERED

DATED: _____

HON. ELIZABETH LAPORTE
U.S. DISTRICT COURT MAGISTRATE JUDGE

OFFICE OF ADMINISTRATIVE HEARINGS

SPECIAL EDUCATION DIVISION

STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,<br><br>   Petitioner,<br><br>v.<br><br>T         AND T     B     ON BEHALF OF G        B<br>STUDENT,<br><br>   Respondents. | OAH No. N20080400331 |

May 14, 2008

San Ramon California

BEFORE:   Susanne Dugan
          Administrative Law Judge

Exhibit B
Pages 5 of 15
**FILED UNDER SEAL**

SF 322014v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

**Chris Davis**

| | |
|---|---|
| **From:** | T Brock [t.brock@comcast.net] |
| **Sent:** | Thursday, July 17, 2008 5:55 PM |
| **To:** | Chris Davis |
| **Subject:** | Re: GB v. San Ramon Valley Unif. Sch. Dist..: Letter from Amy Levine RE OAH Administrative Record |

I am out of town until Monday and will respond then. I suggest you call Sherianne Laba at OAH. This record must come from OAH.

----- Original Message -----
From: Chris Davis
To: t.brock@comcast.net
Sent: Thursday, July 17, 2008 3:29 PM
Subject: GB v. San Ramon Valley Unif. Sch. Dist..: Letter from Amy Levine RE OAH Administrative Record

Ms. Brock -

Please find attached correspondence, with enclosures, from Amy Levine. A hard copy of this letter has mailed to your attention.

<<07-17-08 letter from Amy R. Levine.pdf>>

Chris Davis
Legal Assistant
Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Tel: (415) 543-4111
Fax: (415) 543-4384
cdavis@mbdlaw.com
www.mbdlaw.com

This email message is for the sole use of the intended recipient(s). It may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient(s), please alert the sender by reply email and destroy all copies of the original message. Thank you.

GB v. San Ramon Valley Unif. Sch. Dist..: Letter from Amy Levine RE OAH Administrative Record    Page 1 of 2

Case 3:08-cv-02805-EDL    Document 24-5    Filed 07/18/2008    Page 1 of 2

### Chris Davis

| | |
|---|---|
| **From:** | Chris Davis |
| **Sent:** | Friday, July 18, 2008 9:42 AM |
| **To:** | 'T Brock' |
| **Subject:** | RE: GB v. San Ramon Valley Unif. Sch. Dist..: Letter from Amy Levine RE OAH Administrative Record |

Ms. Brock -

We have been informed by OAH that the recording is missing and they are not sure when or if it will be found. Ms. Levine intends to file a motion to supplement the record today, but will take it off calendar if you agree to the stipulation on Monday. Thank you.

Chris Davis
Legal Assistant
Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Tel: (415) 543-4111
Fax: (415) 543-4384
cdavis@mbdlaw.com
www.mbdlaw.com

This email message is for the sole use of the intended recipient(s). It may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient(s), please alert the sender by reply email and destroy all copies of the original message. Thank you.

---

**From:** T Brock [mailto:t.brock@comcast.net]
**Sent:** Thursday, July 17, 2008 5:55 PM
**To:** Chris Davis
**Subject:** Re: GB v. San Ramon Valley Unif. Sch. Dist..: Letter from Amy Levine RE OAH Administrative Record

I am out of town until Monday and will respond then. I suggest you call Sherianne Laba at OAH. This record must come from OAH.

> ----- Original Message -----
> **From:** Chris Davis
> **To:** t.brock@comcast.net
> **Sent:** Thursday, July 17, 2008 3:29 PM
> **Subject:** GB v. San Ramon Valley Unif. Sch. Dist..: Letter from Amy Levine RE OAH Administrative Record
>
> Ms. Brock -
>
> Please find attached correspondence, with enclosures, from Amy Levine. A hard copy of this letter has mailed to your attention.
>
> <<07-17-08 letter from Amy R. Levine.pdf>>
>
> Chris Davis
> Legal Assistant
> Miller Brown & Dannis
> 71 Stevenson Street, 19th Floor
> San Francisco, CA 94105
> Tel: (415) 543-4111

GB v. San Ramon Valley Unif. Sch. Dist. - Letter from Amy Levine RE OAH Administrative Record    Page 2 of 2

Case 3:08-cv-02805-EDL    Document 24-5    Filed 07/18/2008    Page 2 of 2

Fax: (415) 543-4384
cdavis@mbdlaw.com
www.mbdlaw.com

This email message is for the sole use of the intended recipient(s). It may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient(s), please alert the sender by reply email and destroy all copies of the original message. Thank you.