AMY R. LEVINE, State Bar No. 160743
alevine@mbdlaw.com
ANAHID HOONANIAN, State Bar No. 196679
ahoonanian@mbdlaw.com
SARAH L. DANIEL, State Bar No. 233814
sdaniel@mbdlaw.com
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendant
SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.B., a minor by and through T.B., his Guardian Ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No. C08-02805 EDL<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE HEARING DATE AND TO WITHDRAW LODGING OF ADMINISTRATIVE RECORD**<br><br>Courtroom: E, 15th Floor<br>Magistrate Judge: Hon. Elizabeth Laporte<br><br>Complaint Filed: June 5, 2008 |

### I. DEFENDANT WILL BE PREJUDICED IF ITS MOTIONS FOR SUMMARY JUDGMENT AND TO SUPPLEMENT THE RECORD ARE CONTINUED

While a plaintiff must wait at least 20 days after the commencement of an action to file a motion for summary judgment, Rule 56 of the Federal Rules of Civil Procedure allows a defendant to move for summary judgment "at any time." Fed. R. Civ. Pro. 56(a)-(b). Here, defendant San Ramon Valley Unified School District, the petitioner below, requires a speedy resolution of this case.

Plaintiff G.B. is a senior in high school. Daniel Supp. Decl., ¶ 4. His parents have not permitted the District to conduct a comprehensive assessment of him using the District's own staff since at least when he was in elementary school. Daniel Supp. Decl., ¶ 5. Rather than allow the District to conduct such an assessment, G.B.'s parents forced the District to prove its entitlement to an assessment in a due process hearing.

The District's primary motivation for filing for due process was to obtain a timely and current assessment of G.B.'s educational needs. Daniel Supp. Decl., ¶ 7. The administrative law judge (ALJ) at the Office of Administrative Hearings (OAH) ruled in its favor and authorized that assessment to proceed over the parents' objection. Id.

The District's primary motivation in filing a motion for summary judgment and a motion to supplement the record to be heard on August 26, 2008 was to have this Court affirm its right to proceed with the assessments as close as possible to when the school year begins on August 25, 2008. Because plaintiff is a senior, if his parents are successful in delaying resolution of these motions, the entire case may become moot, a result that would greatly prejudice the District. More importantly, G.B. may wind up completing his high school education without the benefit of current information necessary to address his educational needs.

## II. PLAINTIFF HAS MADE NO SHOWING OF PREJUDICE TO JUSTIFY A CONTINUANCE

Plaintiff claims that he has been denied the right to effectively challenge the ALJ's decision because of the incomplete record, and that only OAH can provide the record. The District agrees that it is obviously better when OAH does not lose parts of the record and forces the parties to reconstruct it. However, the law does allow for supplementation by the parties when parts of the hearing record are lost, as happened here. *Ojai Unif. Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472-73 (9th Cir. 1993).

Here, plaintiff has made no showing of why use of the District's transcript harms him other than that it is not the "official" transcript. Nowhere in his motion does he identify anything inaccurate about the transcription the District made or how he will actually be

2

prejudiced by the use of this transcription. As plaintiff admits, he has at all times had a recording of the testimony for his use. And, since July 17, 2008, he has had the District's transcription of its own recording. The gap in the record at issue is not voluminous and reviewing it for accuracy imposes no hardship upon plaintiff. The missing testimony comprises approximately 14 minutes and the written transcript comes out to only 9 pages double-spaced. Barbaras Supp. Decl., ¶ 4.

Plaintiff cites Federal Rule of Civil Procedure 37 and Civil Local Rule 37-1(a), but does not explain what discovery could possibly be needed in order for him to respond to the District's motion. Under Rule 56(f), the burden is on the party opposing summary judgment to explain why a continuance is needed to complete discovery to oppose the motion. Since plaintiff will not actually be prejudiced by the supplementation of the record, there is no reason for the Court to allow plaintiff to further delay resolution of this assessment issue.

### III. THERE IS NO NEED TO WAIT UNTIL AFTER THE CASE MANAGEMENT CONFERENCE TO FILE A MOTION FOR SUMMARY JUDGMENT

Plaintiff argues, on the one hand, that Court Local Rule 7-2 requires a plaintiff to lodge the record and file a motion for summary judgment within 30 days of receiving the defendant's answer.[1] Defendant's answer was filed on June 26, 2008, so by plaintiff's reasoning, his motion for summary judgment was due on July 25, 2008. Plaintiff failed to comply with this deadline. Plaintiff also argues, on the other hand, that no motions should be filed until some indeterminate time after the case management conference on September 9, 2008.

The purpose of the case management conference under Rule 16 is not to delay resolution of cases, but to expedite them. Fed. R. Civ. Pro. 16(a). See also Fed. R. Civ. Pro. 1 (the federal rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Nothing in Rule 16 or in the Local Rules requires the defendant to wait until after the case management conference to file a dispositive motion.

---

[1] Civil Local Rule 7-2 does not contain such a requirement. Perhaps plaintiff is referring to Civil Local Rule 16-5. It is unclear whether this Local Rule applies to appeals of OAH decisions given the specific statutory framework providing for modified de novo review of such decisions.

3

Indeed, the case management conference statements required by this Court contemplate that motions may very well be pending when the conference occurs. See Standing Order for All Judges of the Northern District of California, Contents of Joint Case Management Statement (statements must include a description of "[a]ll prior and pending motions, their current status, and any anticipated motions").

It is unclear when plaintiff believes a motion should be filed. But, that is really besides the point, as the defendant had the right to file its motion "at any time." The District's motion was properly noticed and gave plaintiff 14 days to respond, pursuant to Civil Local Rules 7-2(a), 7-3(a), and Fed. R. Civ. Pro. 5(b)(2)(C); 6(d). Plaintiff would like to indefinitely postpone resolution of this action and give himself a several month extension for filing an opposition to the defendant's motion. Plaintiff's dilatory tactics should not be condoned.

### IV. PLAINTIFF'S FAILURE TO EARLIER RECEIVE THE "CORRECTED" OAH DECISION IS IRRELEVANT

Plaintiff claims that the District's motion is premature because he was unaware of OAH's "corrected" decision until the District filed its motion. He also claims that the motion should be delayed until sometime after OAH issues its "amended" decision.

OAH did issue its Amended Decision on July 23, 2008 and served it on the parties by overnight mail. The District lodged this Amended Decision along with the original Decision on July 30, 2008, concurrently with the filing of this opposition. In a footnote on page one of the Amended Decision, OAH states:

> The original decision was issued on June 2, 2008, and a corrected decision was immediately issued that same day. This amended decision is issued solely to clarify the correction. The only change between the original decision and the corrected decision was to the last paragraph of Legal Conclusion 6, on page 6 of the decision. Specifically, surplus language was deleted from Legal Conclusion 6 and the last full sentence of the original Legal Conclusion 6 was moved to Legal Conclusion 5 in the Corrected Decision.[2] **There were no substantive changes in the corrected**

---

[2] The "surplus language" referred to is a sentence fragment following paragraph 6 on page 6 that was obviously misplaced. It states "no dispute with a triennial assessment completed by the made." As OAH states, the removal of this typographical error has no effect on the substance of the decision.

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

4

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE HEARING DATE; CASE NO. C08-02805 EDL

SF 323649v1

decision. In addition, this Amended Decision adds a period to the end of Factual Finding 4 and inserts [the abbreviation] "IEE" in Issue 2. **There are no substantive changes in the Amended Decision.**

Amended Decision, at p. 1, fn. 1 (emphasis added).

Since the "corrected" and the "amended" decision each contained no substantive changes, and all decisions have now been lodged with the Court, there is no basis for delaying determination of defendant's motion. At best, since the Amended Decision was issued five days after the District's motion was filed, the hearing should be continued for five days, not the indefinite period of time following the September 9th case management conference, as plaintiff suggests.

## V.   THERE IS NO BASIS FOR WITHDRAWING THE ADMINISTRATIVE RECORD

Plaintiff's ex parte application requests that this Court enter an order withdrawing the lodging of the administrative record. There is no basis for such a request. The record was properly lodged on July 21, 2008. If it needs to be supplemented, the *Ojai* decision allows for this. It makes no sense to withdraw the record while waiting for OAH's "official" transcription of G.B.'s father's testimony. When that transcript is received, either party may lodge it with the Court. In the meantime, this matter can proceed.[3]

## VI.   CONCLUSION

As set forth in the District's motion to supplement the record, the District did not receive the administrative record from OAH until July 9, 2008. It lodged the record and filed its motion for summary judgment nine days later, on July 18, 2008. It was not until after the District filed its motion that OAH contacted it and advised it that it planned to issue an "amended" decision and that it intended to produce its own version of a transcription of the parties' tape recordings of the approximately 14 minutes of missing testimony from G.B.'s father.[4] Before filing its

---

[3] To the extent OAH's official transcription contains any substantive difference from the District's transcription, the District has no objection to the submission of supplemental briefs prior to the hearing to address such differences.

[4] OAH's letter to the parties states, and T.B. repeats, that OAH telephoned the District to obtain a copy of its tape but was unable to reach the District. This is untrue. The District received no phone calls or other communications

motion, the District attempted to obtain the missing transcript from OAH, but none was forthcoming. It also attempted to work with G.B.'s mother, T.B., to ensure the accuracy of the transcription it had made from its recording, but she declined. The District was at all times willing to compare its recording with T.B.'s recording to ensure that its transcription was as accurate as possible, but T.B. never cooperated in that effort.

While the District shares the plaintiff's frustration in not receiving a complete record from OAH, the District has taken all appropriate steps to provide the Court with all the information needed in order for it to render a timely decision in this case. The District will clearly be prejudiced by any delay in this action and has the right to have its motion heard. Plaintiff has failed to point to any piece of substantive information that he does not have that prevents him from filing a timely response to the District's motion for summary judgment. Therefore, the District requests that the Court deny plaintiff's ex parte application and hear its motions to supplement the record and for summary judgment on August 26, 2008 as noticed.

DATED: July 30, 2008                MILLER BROWN & DANNIS

By: /s/ Amy R. Levine
AMY R. LEVINE
Attorneys for Defendant
SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT

---

from OAH regarding the record in this matter. Stewart Supp. Decl., ¶ 6. The reason why counsel for the District used its own staff, instead of a transcription service, to transcribe the recording was because of the short turnaround time needed to produce the transcript and still file a motion for summary judgment at the earliest possible opportunity and because it was cheaper to the District for counsel to use its own staff. Stewart Supp. Decl., ¶ 5.

6

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE HEARING DATE; CASE NO. C08-02805 EDL

SF 323649v1