1   AMY R. LEVINE, State Bar No. 160743
    alevine@mbdlaw.com
2   DAMARA MOORE, State Bar No. 215678
    dmoore@mbdlaw.com
3   SARAH L. DANIEL, State Bar No. 233814
    sdaniel@mbdlaw.com
4   MILLER BROWN & DANNIS
    71 Stevenson Street, 19th Floor
5   San Francisco, CA 94105
    Telephone: (415) 543-4111
6   Facsimile: (415) 543-4384

7   Attorneys for Defendants
    SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT

8

                   UNITED STATES DISTRICT COURT

9

                 NORTHERN DISTRICT OF CALIFORNIA

10

11

12  G.B., a minor by and through T.B., his        Case No. C-08-02805 EDL
    Guardian Ad Litem,

13           Plaintiff,                            **SAN RAMON VALLEY UNIFIED SCHOOL
                                                  DISTRICT'S REPLY TO PLAINTIFF'S
14       v.                                        OPPOSITION TO MOTION FOR
                                                  SUMMARY JUDGMENT**
15  SAN RAMON VALLEY UNIFIED
    SCHOOL DISTRICT,
16                                                Hearing Date: September 2, 2008
             Defendants.                          Time:          2:00p.m.
17                                                Courtroom:     E, 15th Floor
                                                  Judge:         Honorable Elizabeth Laporte
18
                                                  Complaint Filed: June 5, 2008
19

20

21

22

23

24

25

26

27

28

*MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802*

SF 325597v1

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT .............................................................................................................. 1

    A.   Plaintiff has Failed to Show the ALJ's Determination Regarding the
    District's Right to Re-assess Student was in Error ................................................ 2

        1.   Dr. Cheong's Independent Academic Assessment does not Negate
        the Need for a Triennial Assessment as Required by Law ........................ 2

        2.   Evidence Showed the District Had Not Conducted a Speech and
        Language Assessment in the Past Three Years and Conditions
        Warranted Such Assessment ...................................................................... 5

        3.   Evidence Established District Provided Parents with More than
        Adequate Information to Provide Consent to the Proposed
        Assessments and that Parent Participated in the Development of
        Assessment Process .................................................................................... 5

        4.   District's Proposal to Conduct on Occupational Therapy
        Assessment by September 26, 2007 Did Not Change the District's
        Right to Conduct Student's Remaining Triennial Assessments ................ 8

        5.   Plaintiff Does Not Have the Right to Dictate Who Will Conduct
        District Assessments .................................................................................. 9

        6.   Plaintiff Has Failed to Show District Assessors Are Not Qualified
        to Conduct Re-Assessments ..................................................................... 10

        7.   Plaintiff has Failed to Show Conditions do not Warrant Re-
        assessment ............................................................................................... 11

    B.   Plaintiff Has Failed to Show He is Entitled to an IEE .......................................... 13

    C.   Plaintiff Has Not Exhausted Administrative Remedies and Issues Outside
    of the Scope of the Administrative Hearing Are Barred ...................................... 14

III.  CONCLUSION ........................................................................................................... 15

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

SF 325597v1    TABLE OF CONTENTS

# TABLE OF AUTHORITIES

Page

## Cases

Andress v. Cleveland Independent School Dist.,
64 F.3d 176 (5th Cir. 1995) .................................................................. 4, 9

Ash v. Lake Oswego School Dist.,
980 F.2d 585 (9th Cir. 1992) ................................................................ 1

Berkeley Unified Sch. Dist.,
106 LRP 49486 (2006) .......................................................................... 4

Clyde K. v. Puyallup School Dist. No. 3,
35 F.3d 1396 (9th Cir. 1994) ................................................................ 1

Glendale Unified School District v. Almasi,
122 F.Supp. 1093 (C.D. Cal. 2000) ...................................................... 1

Gregory K. v. Longview School Dist.,
811 F.2d 130 (9th Cir. 1987) ................................................................ 4

Manteca Unified Sch. Dist.,
47 IDELR 85 (2006) .............................................................................. 11

Ripon Unified Sch. Dist.,
107 LRP 57047 (2007) .......................................................................... 11

Robb v. Bethel Sch. Bd.,
308 F.3d 1047 (9th Cir. 2002) .............................................................. 14, 15

Temecula Valley Unified Sch. Dist.,
46 IDELR 268 (2006) ............................................................................ 11

## Statutes

20 U.S.C. section 1414 ............................................................................. 2, 6, 13

20 U.S.C. section 1415 ............................................................................. 13

California Education Code section 56321 ................................................. 6

California Education Code section 56329 ................................................. 6, 13

California Education Code section 56381 ................................................. 2, 6, 13

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA  90802

ii

1 | **Rules**

2 | 34 C.F.R. section 300.502 ........................................................................................ 13

SF 325597v1 | TABLE OF AUTHORITIES

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

I.    **INTRODUCTION**

The District's Motion for Summary Judgment should be granted and the administrative hearing decision ("Decision") should be upheld because Plaintiff has failed to prove the Administrative Law Judge ("ALJ") incorrectly determined: 1) the District is entitled to conduct a re-assessment of Student for his triennial evaluation; and 2) Student is not entitled to an independent educational evaluation ("IEE").    Rather than seriously challenging the ALJ's decision, Plaintiff spills a lot of ink raising new facts and claims in his Opposition Brief ("Opposition").    As this appeal is limited to the issues raised at the underlying due process hearing and the administrative record, Plaintiff must first exhaust his administrative remedies under the Individuals with Disabilities Education Act ("IDEA") related to these additional purported facts and claims.    The Court should therefore grant the District's Motion for Summary Judgment ("MSJ") and affirm the ALJ's decision.

II.    **ARGUMENT**

As the party challenging the Decision rendered by ALJ Suzanne Dugan, Plaintiff has the burden of persuading this court that the ALJ's decision was incorrect.    *Clyde K. v. Puyallup School Dist. No. 3*, 35 F.3d 1396, 1399 (9th Cir. 1994).    Unless a review of the record establishes "a definite and firm conviction that a mistake has been committed" the court cannot reverse the Hearing Officer's decision.    *Ash v. Lake Oswego School Dist.*, 980 F.2d 585, 589 (9th Cir. 1992).    In considering the record, all reasonable inferences from the evidence must be drawn in favor of the District.    See *Glendale Unified School District v. Almasi*, 122 F.Supp. 1093, 1099 (C.D. Cal. 2000).

Plaintiff has failed to carry his burden of proof.    Absent any compelling arguments, Plaintiff suggests a reversal is appropriate because the District: (1) initiated assessment of Student in 2006; (2) allegedly should have conducted Student's triennial in June 2007, not November 2007; (3) is allowed to conduct assessment of Student with private assessors if it so chooses; and; (4) failed to release to Parents results of 2006 cognitive testing which was not agreed to on the assessment plan. Opposition at 4:11-12, 3:14-14, 13:6-8, 21:24-25.    None of these assertions, even if true, would support a reversal of ALJ's sound Decision.

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; CASE NO. C-08-02805 EDL

SF 325597v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

A.    **Plaintiff has Failed to Show the ALJ's Determination Regarding the District's Right to Re-assess Student was in Error**

Plaintiff makes a blanket and unsupported assertion that the District "brought the matter below for an improper purpose." Opposition at 3:1-3.[1]  Plaintiff does not state what this alleged "improper purpose" is. Contrary to Plaintiff's unsupported assertions, this case is about G.B.'s parents' refusal to allow the District to conduct a triennial assessment of Student as required by Federal and State special education laws.  There can be no question that special education law requires school districts to reevaluate a student at least once every three years unless the parent <u>and</u> district agree that a reevaluation is unnecessary.  20 U.S.C. §1414(a)(2)(B); Educ. Code § 56381(a)(2).  In this case, Plaintiff cannot point to any evidence showing the parties jointly agreed that the triennial assessment was not necessary.  Rather, the administrative record shows the District believed this triennial assessment was very necessary and demonstrated the conditions warranting such assessment.  Test.[2] CN 5/12/08 at 223:3-25; 224:1-3; Test. JC 5/12/08 at 41:25; 42:1-18; Test. JT 5/12/08 at 115:9-25; 116:1-3; Test. J. Chandler 5/12/08 at 175:7-25; 176:1-25; 177:1-2; Test. DM 5/12/08 at 196:17-25; 197:1-4; 198:9-14; Test. TL 05/13/08 at 1-25; 303:1-3; Test. KH 5/13/08 at 393:7-19.  As Plaintiff has failed to meet his burden of proving the ALJ's decision was incorrect, the Court should affirm the decision.

1.    **Dr. Cheong's Independent Academic Assessment does not Negate the Need for a Triennial Assessment as Required by Law**

In his Opposition, Plaintiff attempts to obfuscate the issues by asserting that because Dr. Jackie Cheong, an independent assessor, conducted academic achievement testing in 2006, his triennial

---

[1]  Plaintiff's Opposition relies on evidence not submitted at the administrative hearing in support of his unfounded assertion that the District "provided Parents a copy of the incomplete [Dr. Cheong's] report accompanied by yet another threat against them by the District to sue." Opposition at 15:11-13. Plaintiff cites to Bates numbered page 490 to support this assertion.  A review of the transcripts indicates page 490 corresponds to District's Exhibit 5 which the ALJ did not admit into evidence. Plaintiff may not rely on evidence not submitted at the hearing below. To this end, Plaintiff concedes that numerous documents were not admitted into evidence at the hearing below. Opposition at 1: 6-7. Furthermore, any claims unrelated to the District's right to conduct a re-assessment are barred for Plaintiff's failure to exhaust his administrative remedies. In any event, Plaintiff has failed to prove the ALJ's decision was in error. See also *San Ramon Valley Unified School District's Objections to Evidence* filed concurrently with this Reply.

[2]  Citations to testimony will be indicated at "Test." followed by the first initial and last name of the witness or by the witnesses' initials, except for Student's father, who is indicated by "Father" and Student's mother, who is indicated by "TB."

2

SF 325597v1

1    assessment was not necessary. Opposition at 4:5-6. Contrary to Plaintiff's contentions, the evidence

2    clearly demonstrates Student's last comprehensive triennial assessment was conducted in 2004.[3]  In

3    fact, Plaintiff admits that his last triennial assessment was conducted in 2004. Opposition at 3:13.

4    Student's next triennial evaluation was due in November 2007.[4]  Exh. 551[5]; Test. CN 5/12/08 at

5    268:9-16; Decision, ¶ 4 at 5.

6         Additionally, the record demonstrates that Dr. Cheong's 2006 assessment (two years after

7    Student's last triennial assessment) was not considered a psychoeducational or triennial assessment.

8    Exh. 493-499; Decision ¶ 5 at 3; Test. KH 5/13/08 at 402:10-13; 403:6-10; 404:12-13.   The

9    assessment plan which generated Dr. Cheong's assessment, clearly specifies it was for academic

10   testing only. Exh. 493-499; Decision, ¶ 5 at 3. The evidence establishes that in June 2006, nearly 15

11   months before the due date for the triennial assessment, the District and Parents agreed to a limited

12   academic assessment in reading and writing by Dr. Cheong, as an independent evaluator. Exh. 493-

13   499; Decision, ¶ 5 at 3.. The District and Parents agreed Dr. Cheong would conduct this academic

14   assessment, in part because Parents refused to allow District staff to test him. Test. JC 5/12/08 at

15   25:18-25; 26:1-18; 27:14-17.   Dr. Cheong's 2006 assessment did not include any cognitive or

16   intellectual testing, nor was any proposed by the District or agreed to by the District and Parents. Test.

17   KH 5/13/08 at 403:6-10; 404:12-13; Exh. 493-499. As Dr. Cheong's Assessment was limited in scope

18   and did not constitute a comprehensive assessment by District staff, the ALJ appropriately found it did

19   not obviate the District's right to conduct the triennial assessment of Plaintiff due in 2007.   Test. KH

20   5/13/08 at 402:10-13; 403:6-10; Exh. 493-499; Decision at p. 4 ¶ 16, p.6 ¶ 6 (citing *Gregory K. v.*

21

22   [3]  In an additional attempt to confuse the matter, Plaintiff blatantly mischaracterizes Dr. Cheong's June 2004
     psychoeducational assessment report by selecting sections from Dr. Cheong's report to show an imagined
     contradiction. Plaintiff asserts Dr. Cheong's report contradicts the District statement of facts. Opposition at 3:16-

23   18. However, as set out in the Motion, Dr. Cheong's report specifically states "significant discrepancies were also
     found between perceptual reasoning and working memory and processing speed, in favor of the former." Exh. 572.

24   [4]  Contrary to Plaintiff's unsupported assertion, Student's triennial review and IEP were due in November 2007.
     Plaintiff cites to no documentary or other evidence to support his summary assertion the triennial was due on June

25   1, 2007. The documentary evidence as well as testimony shows the triennial was due in November 2007. Exh.
     509; Test. CN 5/12/08 at 268:9-16. This issue is outside the scope of the case at hand and was, therefore, not

26   litigated at the due process hearing and must be dismissed due to Plaintiff's failure to exhaust his administrative
     remedies. The evidence produced at hearing established that Student's triennial was due in November 2007, and

27   that evidence was uncontroverted.
     [5]  Citations to Student's and District's Exhibits at the administrative hearing are to the Bates numbered pages of

28   Exhibits lodged with this Court in the following format: "Exh." followed by the Bates page number(s).

DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; CASE NO. C-08-02805 EDL

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA  90802

SF 325597v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

1    *Longview School Dist.*, 811 F.2d 130, 1315 (9th Cir. 1987) and *Andress v. Cleveland Independent*

2    *School Dist.*, 64 F.3d 176, 179 (5th Cir. 1995)).

3        Plaintiff's argument that a triennial assessment cannot be warranted because Parents believe

4    Dr. Cheong's assessment report was late is unpersuasive and irrelevant to the issue of whether current

5    assessment is provided for under the law.  As described above, the District considered Dr. Cheong's

6    2006 draft assessment report and discussed it at an IEP meeting and the ALJ properly found that Dr.

7    Cheong's June 2006 academic assessment does not obviate the need for a comprehensive re-

8    assessment of Student.  Test. JC 5/12/08 at 38:16-22; 39:1-3;  *See Berkeley Unified Sch. Dist.*, 106

9    LRP 49486 (2006) (finding the parents' argument that a two year old assessment was never completed

10   was irrelevant to the issue of proposed triennial assessments).

11       In his Opposition, Plaintiff inexplicably argues *Berkeley* supports his position that in response

12   to the District's request to conduct triennial re-assessments, Parents are entitled to an IEE.  *Berkeley*

13   does not stand for this position and Plaintiff has not cited to any authority whatsoever to support his

14   dubious position that Parents can seek an IEE as a way to get a second opinion regarding whether

15   triennial assessments are warranted.

16       It is undisputed that current assessment information is needed regarding Student.[6]  Opposition

17   at 20:24 [asserting assessment is necessary to resolve unanswered critical questions]).    The

18   preponderance of the evidence established that current assessments would assist Student's IEP team in

19   targeting Student's unique needs, fostering independence, and developing an appropriate educational

20   plan for the next school year.  Members of Student's IEP team, including Dr. Cheong, testified that

21   current circumstances warrant re-assessment.  Test. CN 5/12/08 at 223:3-25; 224:1-3; Test. JC 5/12/08

22   at 41:25; 42:1-18; Test. JT 5/12/08 at 115:9-25; 116:1-3; Test. J. Chandler 5/12/08 at 175:7-25; 176:1-

23   25; 177:1-2; Test. DM 5/12/08 at 196:17-25; 197:1-4; 198:9-14; Test. TL 05/13/08 at 1-25; 303:1-3;

24   Test. KH 5/13/08 at 393:7-19.  Thus, the Court should affirm the ALJ's determination that triennial re-

25

26   _____

[6]  Although Plaintiff's Opposition argues that conditions do not warrant re-assessment, he makes this assertion
based upon allegations that have not been litigated in the administrative proceeding.  Opposition at 9-12.  These
27   allegations are outside the scope of this proceeding, have not been exhausted, and are irrelevant to the issue of
whether Student's current condition warrants re-assessment or whether the District has the right to complete his
28   triennial assessment.

4

SF 325597v1

assessment should be authorized as proposed in the enhanced assessment plan.

**2.    Evidence Showed the District Had Not Conducted a Speech and Language Assessment in the Past Three Years and Conditions Warranted Such Assessment**

Plaintiff asserts, without any citations to the administrative record, that the District conducted a speech and language assessment of Student within the last year.   Opposition at 4:25-28; 5:1-6. Contrary to Plaintiff's assertions, the District did not conduct a speech and language assessment in the last three years. Test. J. Chandler 5/12/08 at 176:25; 177:1-2; Decision ¶ 10 at 4.  As conceded by Plaintiff in his Opposition, the last speech assessment of Student was conducted by his private therapist in August 2006, more than a year prior to the development of the triennial assessment plan. Test. J. Chandler 5/12/08 at 177:13-14; Test. TB 5/13/08 at 333:19-25; 333:1-2; Decision ¶ 10 at 4; Opposition at 9:15.   Additionally, in sharp contrast, the record establishes a current speech and language assessment is necessary to identify Student's present levels of performance, draft targeted individual goals and to develop an individualized and appropriate speech therapy program.  Test. J. Chandler 5/12/08 at 175:7-21; 180:2-8.   No evidence to the contrary was presented or cited by Plaintiff.

**3.    Evidence Established District Provided Parents with More than Adequate Information to Provide Consent to the Proposed Assessments and that Parent Participated in the Development of Assessment Process**

Plaintiff mischaracterizes the ALJ's Decision by arguing "the District is not, as the ALJ ruled, legally entitled to conduct a unilateral evaluation without parental participation in the process." Opposition at 3:10-11.[7]  The evidence does not support this assertion and in fact shows the District did

---

[7]  Plaintiff's Opposition is fraught with allegations and conclusory statements without any references to Exhibits admitted into the evidence at hearing and/or references to the hearing transcripts.  For example, Plaintiff alleges the Student's resource specialist and case manager, "unilaterally developed a new triennial assessment plan" and testified she "developed that plan without parental participation and without participation of any of G.B.'s related service providers." Opposition at 6:5-7.  Plaintiff does not cite to any evidence to support this incredible assertion. In truth, this assertion is unsupported by the evidence which established the complete IEP team discussed the proposed assessment plan at the December 2007 team meeting. Exh.467-487; Test. KH 5/13/08 at 389:5-7; 389:11-15; 389:23-25; 390:3-5; Test. CN 5/12/08 at 224:4-21; Test JT 5/12/08 at 113:21-25;114:1-19; 115:9-25; 116:1-15; 117:5-22; Test. JC 12/18/08 at 39:4-6; 39:19-21; 40:14-21; 41:11-16; 42:1-25; 43:1-8; Test. Douglas Dildine ("DD") 5/14/08 at 427:9-19.

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA  90802

SF 325597v1

1  seek parental participation in the assessment process.  Without citing to any Exhibits or transcripts,

2  Plaintiff asserts Ms. Miller testified she "failed to consult with Dr. Cheong." Opposition at 6:25-28.

3  Contrary to Plaintiff's assertion, Ms. Miller testified she did discuss Student's needs with Dr. Cheong.

4  Test. DM 5/12/08 at 211:23.  In fact, the District provided parents with the assessment plan, explained

5  the assessment plan, and responded to the Parents' request for additional information.   Test. CN

6  5/12/08 at 218:25; 219:1-25; 220:1-6; 222:14-25; 224:4-21; 251:13-25; Exh. 789; Exh. 488-489; Test.

7  KH 5/13/08 at 389:5-7; 389:11-15; 394:1-19; Exh. 467-487; Test. JT 5/12/08 at 115:9-15; 116:1-15;

8  117:15-22; Test. JC 5/12/08 at 41:11-16; 41:25; 42: 1-18; Exh. 464-466 1; Test. TB 5/13/08 at 317:17-

9  24; 323:20-23; 367:1-2.

10       To obtain parental consent for a re-assessment, a school district must develop and propose an

11  assessment plan. 20 U.S.C. § 1414(b)(1); Ed. Code, §§ 56321(a), 56381(f).  The school district must

12  present parents with a written assessment plan and include notice of the procedural safeguards under

13  the IDEA. 20 U.S.C § 1414(a)(1)(D)(ii); Ed. Code, §§ 56321, 56329, 56381.  The evidence clearly

14  established the District informed Parents of Student's upcoming triennial assessment and its obligation

15  to conduct a re-assessment.  Exh. 798-805; Test CN 5/12/08 at 71:8-11; 216:7-12; Test JC 5/12/08 at

16  71:8-11.  In compliance with special education law, the District prepared a written assessment plan

17  and presented the assessment plan and a copy of the Procedural Safeguards to Parents.  Exh. 464-466;

18  Test. CN 5/12/08 at 222:14-25; 225:4-6; 264:9-12.

19       The assessment plan informed Parents the District sought to re-assess Student in five specific

20  areas:  1) academic/pre-academic achievement testing to be completed by the general education

21  teacher and resource specialist; 2) speech/language assessment to be completed by a Speech and

22  Language Pathologist; 3) intellectual development testing to be completed by a school psychologist; 4)

23  gross/fine motor development evaluation to be completed by the occupational therapist; and 5)

24  career/vocational assessment to be conducted by the resource specialist.  Exh. 464-466; Test.  CN

25  5/12/08 at 218:25; 219:1-25; 220:1-6; Test. KH 5/13/08 at 389:11-25.   Contrary to plaintiff's

26  assertions, the assessment plan was not blank or "generic" and provided Parents information regarding

27  the areas Student would be tested in.  Test. KH 5/13/08 at 389:11-25; Test. TB 5/13/08 at 320:22-25.

28       As part of the re-assessment, the IEP team "and other qualified professionals, as appropriate,"

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

6

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

must review existing assessment data[8] and on the basis of this review and "input from the parents of the pupil, identify what additional data, if any, is needed to determine" the following:

    (A)    Whether the pupil continues to have a disability under the IDEA;

    (B)    The present levels of performance and educational needs of the pupil;

    (C)    Whether the pupil continues to need special education and related services; and

    (D)    Whether any additions or modifications to the special education and related services are needed to enable the pupil to meet the measurable annual goals set out in the IEP and to participate, as appropriate, in the general curriculum.

Cal. Educ. Code § 56381(b).

The evidence established the District did solicit input from Parents regarding whether Student continues to be eligible under the IDEA, whether he continues to need special education and related services, and whether any modifications to his special education programming are necessary. Exh.467-487 Test. KH 5/13/08 at 389:5-7; 389:11-15; Test. JT 5/12/08 at 115:9-15; 116:1-15; 117:15-22; Test. JC 5/12/08 at 41:11-16; 41:25; 42: 1-18; Test. CN 5/12/08 at 224:4-21; Test. JC 5/12/08 at 41:11-16; 42:4-25; 43:1-8. The fact that Parents do not agree with the District regarding the appropriateness of the proposed re-assessment tools, or regarding who should conduct these re-assessments does not establish that the District did not seek parental input and Plaintiff offers no authority to the contrary. The District sought such input and Parents refused consent to the re-assessment.[9]

The record also establishes District staff provided Parents with ample information regarding the proposed assessment plan and types of assessments to be conducted. Test. KH 5/13/08 at 389:11-25; 394:1-19; Exh. 789; Test. CN 5/12/08 at 224:4-21; 251:13-25; Exh..488-489; Test. JT 5/12/08 at 115:9-15; 116:1-15; 117:15-22; Test. JC 5/12/08 at 41:11-16; 41:25; 42: 1-18. In response to Parents' requests, although it was not required by law, the District revised the initial October 11, 2007

---

[8]  Existing assessment data includes assessments and information provided by the parents of the pupil, current classroom-based assessments and observations, and teacher and related services providers' observations.

[9]  Equally confusing is Plaintiff's argument that the District did not provide Parents a copy of the assessment plan. Opposition at 6:7-9. In support of this absurd claim, Plaintiff cites to the transcript at 222:20-21, wherein Ms. Ng testifies she did send the assessment plan to Parents but that she was not certain when she sent the assessment report to Parents. Test. CN 5/12/08 at 222:16-25. There is no credible evidence to show the District did not provide Parents with the assessment plan. Moreover, it is undisputed Parent received the assessment plan again at the December 2007 IEP meeting and received the enhanced assessment plan in January 2008. So the Plaintiff's unsubstantiated argument, even if it could be established, would be irrelevant to the issue at hand.

7

SF 325597v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

1   assessment plan and on January 18, 2008 presented Parents with information regarding specific testing

2   instruments which might be utilized in the completion of Student's triennial assessment.  Exh. 464-

3   466; Test. CN 5/12/08 at 218:25; 219:1-25; 220:1-6; Test. TB 5/13/08 at 317:17-24; 323:20-23; 367:1-

4   2.  Accordingly, the District provided Parents with more than adequate information so Parents could

5   provide informed consent to the proposed assessment plan.

6          Lastly, Plaintiff's assertion that the District's Motion states that the law requires the District to

7   conduct standardized assessments must be rejected.  In his Opposition, Plaintiff cites to the District's

8   Motion at 14:8-10 for his unsubstantiated mischaracterization that the District claims special education

9   law requires it to perform standardized assessments.  The District's Motion does not state so.  Rather,

10  the District's Motion asserts that "because the District is required to conduct a comprehensive

11  assessment and to assess Student in all areas of suspected disability, the triennial must include

12  academic, intellectual, speech, occupational, and vocational evaluations."     MSJ at 14:8-10.

13  Notwithstanding Plaintiff's attempts to confuse the issues, the fact remains: the District is entitled to

14  conduct a triennial assessment and Parents have refused them this right.

15  **4.      District's Proposal to Conduct on Occupational Therapy Assessment
            by September 26, 2007 Did Not Change the District's Right to
16          Conduct Student's Remaining Triennial Assessments**

17         Plaintiff seems to argue the District's proposal to conduct an occupational therapy ("OT")

18  assessment by September 26, 2007 is proof that no assessments other than OT were required as part of

19  Student's triennial review.  Opposition at 5.  To support this contention Plaintiff relies on the District's

20  document which shows the proposed OT assessment is for Student's triennial review.  *Id.*  Without

21  citing to any evidence at all, and in contradiction to the face of the document which indicates that the

22  triennial was still due to be completed by November 2007, Plaintiff asserts "the District told Parents

23  they did not need further testing."  Opposition at 5:16; *cf* Exh. 508.  Not a single witness gave

24  testimony that would support Plaintiff's theory.  Rather, the evidence at the hearing established, and

25  the ALJ determined, the District must be allowed to conduct a comprehensive triennial assessment

26  encompassing the assessment domains listed in the assessment plan.  Test. CN 5/12/08 at 225:4-24;

27  226:9-13; Test. JC 5/12/08 at 41:11-25; 42:1-18; 46: 4-7; 96:2-11; Test. JT 5/12/08 at 113:21-25:

28

8

SF 325597v1

1    114:1-4; 117:19-22; Decision at p. 5 ¶ 5.

2    Plaintiff's argument is unpersuasive, because it ignores the record and testimony of multiple

3    witnesses. At the August 30, 2007 IEP meeting, the IEP team discussed the immediate need for an

4    OT assessment to evaluate Student's need for OT services at school. Test. CN 5/12/08 at 216:13-15;

5    Test. KH 5/13/08 at 385:20-25; 386:1-8; Test. TB 5/13/08 at 328:20-22. The District prepared a

6    document entitled "Re-Evaluation Review," in which it agreed to complete an OT assessment by

7    September 26, 2007 and indicated Student's triennial was due November 2007. Exh. 508. The

8    evidence shows the District intended to first conduct an OT assessment and then to complete the

9    remainder of the comprehensive triennial assessment. Test. CN 5/12/08 at 216:13-25; 217:1-6;

10   257:15-17; 267:22-25; 268:1-3; 268:14-24; 270:6-11; Test. KH 5/13/08 at 386:16-21.

11   In his Opposition, Plaintiff admits a school district "may obtain an assessment at anytime it

12   deems appropriate." Opposition at 17:6-7. In light of this admission, Plaintiff's argument contrary to

13   the Decision and the District's attempt to re-assess Student must be rejected. Similarly, in his

14   Opposition Plaintiff admits conditions warrant re-assessment when he states "Parents believe an IEE is

15   needed because there were unanswered and unresolved issues." Opposition at 20:21-22. In light of

16   Plaintiff's own admission regarding "unanswered and unresolved issues," Plaintiff must first allow the

17   District to conduct a triennial assessment. If he disagrees with the triennial assessment, Plaintiff may

18   then seek an IEE.

19   **5.      Plaintiff Does Not Have the Right to Dictate Who Will Conduct District Assessments**

20

21   The ALJ correctly held the District has the right to reevaluate Student for special education

22   services using its own personnel. Decision at p. 6 ¶ 6 (citing *Andress v. Cleveland Independent School*

23   *Dist.,* 811 F.2d 130, 1315 (9th Cir. 1987)). Plaintiff incorrectly asserts there is no legal authority

24   allowing the District to evaluate Student for special education services using its own personnel.

25   Plaintiff misstates the ALJ's decision by asserting "the ALJ erred by holding the District has the right

26   to reevaluate a student for special education services solely using District *in house employees*."

27   Opposition at 13:6-8. emphasis added. The Decision states "[T]he District has the right to evaluate

28   Student for special education services using its own personnel." Decision at 5. Plaintiff appears to

Miller Brown & Dannis
301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802

9

DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; CASE NO. C-08-02805 EDL

SF 325597v1

confuse this determination regarding the District's right to conduct a triennial re-assessment using District staff with the District's position that Dr. Cheong's June 2006 assessment was an assessment conducted by an evaluator independent of the District. Plaintiff relies on Office of Special Education Program ("OSEP") letters for his unpersuasive assertion that an IEE can be requested if a parent disagrees with an evaluation not conducted by district employees. This is not the guidance outlined in the OSEP letters cited. Instead, the ALJ correctly determined Parents in this case were attempting to use the IEE provisions (by selecting or vetoing assessors) to unduly restrict the District's ability to conduct the triennial revaluation with its own personnel. Decision at 5.

Regardless of Dr. Cheong's status, her 2006 assessment was not a triennial evaluation. The record clearly establishes, and Plaintiff's Opposition concedes, that the District has not conducted a comprehensive triennial assessment, including a psychoeducational assessment of Student, since 2004. Opposition at 3:13; Test. JC 5/12/08 at 24:19-20; 25:18-21; 26:9-18; SX 1.E.1-12; Decision ¶ 1 at 2.

### 6. Plaintiff Has Failed to Show District Assessors Are Not Qualified to Conduct Re-Assessments

In his Opposition, Plaintiff asserts "Dr. Cheong testified at the hearing that in her opinion, the District's proposed assessors are not qualified." Opposition at 14:4-5. In support of his claim, Plaintiff cites to Dr. Cheong's testimony on May 12, 2008 at pages 44 and 93. Contrary to Plaintiff's blanket mischaracterization of Dr. Cheong's testimony, Dr. Cheong established District assessors are qualified to conduct the assessments the District sought to conduct. Specifically, Dr. Cheong testified Jill Chandler, the District speech and language therapist is qualified to assess Student in all areas related to a speech and language assessment and continued to recommend the District conduct the triennial assessment. Test. JC 5/12/08 at 44:20-25; 45:1-25; 46:4-7; 96:2-11. Dr. Cheong opined Ms. Chandler has "less experience in auditory processing," but stated that Ms. Chandler was a qualified speech and language assessor. *Id.* at 5-7.

Furthermore, Plaintiff's citation to Dr. Cheong's testimony at page 93 is a direct attempt to twist the record to fit Plaintiff's arguments. Dr. Cheong testified the District's psychologist, Damon Wright, is qualified to evaluate students for autism but that she did not know if Mr. Wright is certified to administer one particular assessment tool entitled the Autism Diagnostic Observation Survey

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

10

DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; CASE NO. C-08-02805 EDL

1   ("ADOS"). Test. Cheong 5/12/08 at 93:2-17. Moreover, all of the District staff involved are qualified

2   to re-assess Student. Test. JC 5/12/08 at 43:21-25; 44:1-15; Test. J. Chandler 5/12/08 at 173:6-25;

3   174:1-12; Test. CN 5/12/08 at 214:17-25; 215:1-9; 225:25; 226:1-8; Test. TL 5/13/08 at 296:20-25;

4   297:1-8; Test. KH 5/13/08 at 391:17-25; 392:1-5; Decision,¶14 at 4. In actuality, Plaintiff presented

5   no direct evidence regarding the qualifications of the District assessors. Neither does he cite any

6   evidence here which would establish that the ALJ's finding was in error.

7         Plaintiff appears to argue District staff did not have sufficient training. Opposition at 11:19-

8   22. Plaintiff's assertion is not supported by any evidence whatsoever. In fact, the evidence shows

9   District staff is qualified to conduct assessments. Test. JC 5/12/08 at 43:21-25; 44:1-15; Test. J.

10  Chandler 5/12/08 at 173:6-25; 174:1-12; Test. CN 5/12/08 at 214:17-25; 215:1-9; 225:25; 226:1-8;

11  Test. TL 5/13/08 at 296:20-25; 297:1-8; Test. KH 5/13/08 at 391:17-25; 392:1-5; Decision ¶14 at 4.

12  To the extent Plaintiff argues facts or issues outside the scope of the due process hearing, Plaintiff has

13  not exhausted his administrative remedies, as outlined below.

       **7.     Plaintiff has Failed to Show Conditions do not Warrant Re-**
14  **assessment**

15

16        Plaintiff's Opposition argues that conditions did not warrant re-assessment in November 2007

17  because he the District did not test him in 2006 in the area of speech and language. This argument is

18  not logical. The evidence established at hearing that testing was believed warranted by the District

19  staff in November 2007. Test. CN 5/12/08 at 225:4-24; 226:9-13; Test. JC 5/12/08 at 41:11-25; 42:1-

20  18; 46: 4-7; 96:2-11; Test. JT 5/12/08 at 113:21-25: 114:1-4; 117:19-22. Test. JT 5/12/08 at 115:9-15;

21  116:1-15; 117:15-22; Test. JC 5/12/08 at 41:11-16; 41:25; 42: 1-18; Test. CN 5/12/08 at 224:4-21. In

22  addition, Student's triennial assessment was due. In and of itself, a triennial deadline warrants re-

23  assessments. Districts are entitled, and required by law to conduct triennial assessments of students

24  with disabilities where it is determined that assessment is necessary. See *Ripon Unified Sch. Dist.,* 107

25  LRP 57047 (2007); *Manteca Unified Sch. Dist.,* 47 IDELR 85 (2006); *Temecula Valley Unified Sch.*

26  *Dist.,* 46 IDELR 268 (2006). Additionally Plaintiff argues that because the District chose to have one

27  speech therapist instead of another testify in this matter, that conditions did not warrant re-assessment

28  in November 2007. This argument is not logical either. Decisions made regarding how to present its

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

11

1    case at hearing are not relevant to whether assessment was needed six months earlier.

2    Plaintiff next argues conditions did not warrant vocational assessment because parent consent

3    is not necessary for vocational testing. This argument is inconsistent with Parents refusal to allow

4    vocational testing and Plaintiff's appeal here of the District's right to conduct the same. Plaintiff

5    argues that conditions did not warrant OT assessment because the District failed to assess him earlier,

6    did not have an occupational therapist attend an IEP meet in August 2007, and because the

7    occupational therapist failed to contact the Parents in September 2007. These allegations are not

8    supported by the record and do not change the fact that Student requires updated OT assessment as

9    part of his triennial assessment. Test. TL 5/13/08 at 302:1-23; Test. T5/13/08 at 328:17-22; 329:25;

10   330:1-2; Test. TL 5/13/08 at 300:14-19; 302:1-23. Plaintiff's Parents testified that updated OT

11   assessment would have been and would still be useful to the IEP team. Therefore, Plaintiff failed to

12   show that the ALJ decision that the District was allowed to conduct OT assessment was in error.

13   Plaintiff argues that conditions in November 2007 did not warrant cognitive or academic re-

14   assessment because Dr. Cheong's final 2006 assessment report had not been received. The evidence

15   established that the results of Dr. Cheong's academic testing were reviewed with the IEP team in

16   2006. Exh. 467-487; Test. JC 5/12/08 at 30:15-17; 33:17-23; Test. CN 5/12/08 at 227:14-16; 228:15-

17   16; 228:20-25; 229:1-16; Test. JT 5/12/08 at 100:14-16; 104:5-7; 105:15-23; Test. TB 5/13/08 at

18   312:15-19; 313:22-25; Test. JC 5/12/08 at 33:21-23; 34:2-4; Test. TB 5/13/08 at 312:15-19; 313:22-

19   25. The evidence also established that no cognitive testing was contemplated for Student in 2006.

20   Test. KH 5/13/08 at 403:6-10; 404:12-13; DX 6. Moreover, these facts do not change Student's

21   condition in November 2007. District witnesses testified that Student required updated academic and

22   psychological testing in November 2007. Test. JT 5/12/08 at 116:4-25; 117: 1; 117:15-18; 118:14-23;

23   145:12-15; 146:17-22; 147:18-19; Test. DM 5/12/08 at 196:18-25; 197:1-5; 198:14; 206:2-12; 211:1-

24   13. Test. JC 5/12/08 at 24:19-20; 25:18-21; 26:9-18; 41:11-16; 42:4-25; 43:1-8; 78:25; 79:1-5;

25   Decision ¶ 1 at 2. Based on their work with and knowledge of Student, District witnesses

26   recommended testing and developed the assessment plan. Test. JT 5/12/08 at 115:9-15; 116:1-15;

27   117:15-22; Test. JC 5/12/08 at 41:11-16; 41:25; 42: 1-18; Test. CN 5/12/08 at 224:4-21. In order to

28

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

12

SF 325597v1

1    ensure it was a comprehensive assessment, the plan was developed to include all of the testing which

2    might provide necessary. DX 1; Test. CN 5/12/08 at 218:25; 219:1-25; 220:1-6.

3          Plaintiff asserts that because past assessments addressed the same areas of concern raised by

4    District staff, no further assessment was necessary. Opposition at 11:12. This argument contravenes

5    the very intent of the IDEA. If Plaintiff's assertion was correct, updated assessment would never be

6    required, because past assessments would provide all necessary information. The IDEA requires the

7    exact opposite. The IDEA contemplates updated assessment when conditions warranted, i.e. when

8    progress is made or when changes occur, and mandates assessment at least once every three years,

9    because student needs change. 20 U.S.C. § 1414(a)(2)(A); Cal. Educ. Code § 56381(a)(1)-(a)(2).

10   Plaintiff failed to establish that conditions did not warrant re-assessment in November 2007.

### B.    Plaintiff Has Failed to Show He is Entitled to an IEE

12         Plaintiff devotes many pages of his Opposition to his argument that he is entitled to an IEE.

13   However, as asserted in the administrative hearing, Plaintiff requests the right to select an independent

14   evaluator to determine whether Students should be assessed at all. Parents may obtain an IEE at public

15   expense only when they disagree with assessments the district has conducted. (20 U.S.C. §

16   1415(d)(2)(A); Cal. Ed. Code, § 56329(b).) The Opposition is devoid of any legal support for

17   Plaintiff's position that "[A]fter the IEE assessor reviews Student's last assessments, observes Student

18   in the classroom and interviews related service providers and teachers, the IEE assessor provide [sic] a

19   plan for assessment." Opposition at 20.

20         In this case, by admission, Plaintiff is not seeking independent assessments. Rather, Parents

21   are seeking a second opinion from a non-District employee regarding whether Student should be

22   assessed at all. Test. TB 5/13/08 at 374:1-22; 376:3-10. This does not constitute an IEE for which the

23   District is obligated to pay under the legal provisions of the IDEA. 20 U.S.C. § 1415(d)(2)(A); 34

24   C.F.R. § 300.502; Cal. Ed. Code, § 56329(b). Neither is it being requested for the purposes of

25   reevaluating an area of need already assessed by the District.

26         Furthermore, assuming arguendo, an independent evaluator were to recommend assessments,

27   Mother testified she would have to consider whether to consent. Test. TB 5/13/08 at 376:3-10. Parents

28

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

---

13

DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; CASE NO. C-08-02805 EDL

SF 325597v1

1    are not seeking, nor would they necessarily consent to, an independent educational evaluation.

2    Instead, Parents were seeking a second opinion regarding whether legally mandated triennial re-

3    assessments should be conducted at all.  The ALJ correctly answered this question.  Decision at p. 5 ¶

4    5.  Accordingly, the ALJ's determination that no IEE was needed should be upheld.

### C.    Plaintiff Has Not Exhausted Administrative Remedies and Issues Outside of the Scope of the Administrative Hearing Are Barred

7        Throughout the underlying administrative hearing process and in his Opposition, Plaintiff has

continued to improperly assert various claims, without seeking due process to properly raise those

allegations.  In his Opposition, Plaintiff continues to assert claims, knowing he has not exhausted the

10   administrative remedies relevant to those claims.  Opposition at 3:1-3; 4:8-9; 4:25-28; 54:25-28; 5:1-7;

11   5:13-14; 5:17-19; 9:2-3; 9:11-13; 9:19-22; 9:26-28; 10:1-12; 11:1-5; 11:12-16; 11:19-22; 14:12-13;

12   14:21-24; 19:11-20; 19:21-27; 20:18-25; 21:1-5; 21:11-12; 21:14-15; 21:19-23; 24:14-28; 25:1.

13        In his Complaint, Plaintiff alleges the District failed to disclose to Parents "until recently" that

14   Student may be "on the Autism Spectrum."  Complaint ¶11 at 4.  Plaintiff also alleges the District

15   "failed to obtain Dr. Cheong's assessment" within required assessment timelines.  Complaint, ¶ 11 at

16   5.  He also alleges procedural violations with respect to Student's August 18, 2006 and August 30,

17   2007 IEP meetings.  Opposition at 10; Complaint, ¶ 13 at 5.  Plaintiff additionally alleges that at the

18   August 18, 2006 IEP meeting, Dr. Cheong did not have an assessment report to provide to the IEP

19   team.  *Ibid.*  None of these claims were at issue in the underlying due process hearing and are therefore

20   waived.  *Robb v. Bethel Sch. Bd.*, 308 F.3d 1047 at 1050 (9th Cir. 2002).

21        In addition, Plaintiff alleges the District did not provide Parents with progress reporting.

22   Opposition at 24; Complaint, ¶ 16 at 6-7.  Plaintiff claims the District did not provide Parents with

23   information regarding a list of IEE providers and criteria for IEEs.  Complaint, ¶ 23 at 9.  Plaintiff

24   makes allegations regarding a May 30, 2008 IEP meeting, which took place after the administrative

25   due process hearing.  Complaint ¶ 26 at 10.  Finally, in the Opposition, Plaintiff claims an assistive

26   technology assessment in 2006 was performed in an untimely manner.  Opposition at 5.  None of these

27   allegations were raised in the administrative proceedings.

28        Before filing in court, a plaintiff must exhaust his administrative remedies.  *Robb*, 308 F.3d at

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA  90802

14

SF 325597v1

1    1050. With respect to all of the above referenced allegations, Plaintiff has not exhausted his

2    administrative remedies. The District's request for due process hearing involved only two discrete

3    issues for hearing related to the District's right to assess Student and the Parents' request for an IEE.

4    Parents did not seek their own due process hearing or pursue any issues at the administrative hearing.

5    Therefore, there has yet been no opportunity to develop a factual record in an adversarial hearing to

6    test the sufficiency of Plaintiff's new allegations of procedural violations under the IDEA. Since

7    Plaintiff completely failed to pursue these new claims in any forum prior to raising them in this federal

8    litigation, these claims must be dismissed for failure to exhaust. Throughout the hearing the ALJ

9    reminded Mother of the specific issues for the administrative hearing when she exceeded the scope of

10    the issues. Transcript 5/12/08 at 10:25; 11:1-14; 153:2-15; 5/13/08 at 66:10-12; 72:3-5; 72:7-10;

11    78:13-18; 110:13-14. Accordingly, as Plaintiff has failed to exhaust his administrative remedies on

12    these issues and claims, the Court should grant the Motion for Summary Judgment and affirm the

13    ALJ's decision in its entirety.

14    **III.    CONCLUSION**

15        Based on the foregoing, the Court should grant the District's Motion for Summary Judgment

16    and enter judgment in the District's favor affirming the ALJ's Decision.

17    DATED: <u>August 15, 2008</u>                    MILLER BROWN & DANNIS

18

19

20                            By:  <u>/s/ Sarah L. Daniel</u>

21                            SARAH L. DANIEL
                             Attorneys for Defendants

22                            SAN RAMON VALLEY UNIFIED
                             SCHOOL DISTRICT

23

24

25

26

27

28

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

15