1  AMY R. LEVINE, State Bar No. 160743
   alevine@mbdlaw.com
2  DAMARA MOORE, State Bar No. 215678
   dmoore@mbdlaw.com
3  SARAH L. DANIEL,State Bar No. 233814
   sdaniel@mbdlaw.com
4  MILLER BROWN & DANNIS
   71 Stevenson Street, 19th Floor
5  San Francisco, CA 94105
   Telephone: (415) 543-4111
6  Facsimile:  (415) 543-4384

7

8  Attorneys for Defendant
   SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12 G.B., a minor by and through T.B., his          Case No.  C-08-02805 EDL
   Guardian Ad Litem,
13                                                  **SAN RAMON VALLEY UNIFIED SCHOOL
                                                    DISTRICT'S OBJECTIONS TO EVIDENCE
14          Plaintiff,                              REFERENCED IN PLAINTIFF'S RESPONSE
                                                    AND OPPOSITION TO DEFENDANT'S
15     v.                                           MOTION FOR SUMMARY JUDGMENT AND
                                                    AFFIDAVIT OF TAMARA BROCK**
16 SAN RAMON VALLEY UNIFIED
   SCHOOL DISTRICT,
17
          Defendant.                               Hearing Date: September 2, 2008
18                                                 Time:          2:00p.m.
                                                   Department:    E, 15th Floor
19                                                 Judge:         Honorable Elizabeth Laporte
                                                   Complaint Filed:  June 5, 2008
20

21

22      Defendant San Ramon Valley Unified School District ("District") hereby objects to the

23 following evidence presented by Plaintiff G.B., a minor, by and through T.B. his Guardian ad

24 litem, in connection with Plaintiff's Response and Opposition to Defendant's Motion for

25 Summary Judgment set for hearing on September 2, 2008 before this Court:

26      1.    <u>Affidavit of Tamara Brock in Support of Plaintiff's Response and Opposition to</u>

27           <u>Defendant's Motion for Summary Judgment ("Brock Decl."), ¶¶ 1-43:</u>

28                                                1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA  94105

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK;
CASE NO. C-08-02805 EDL

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

The Affidavit of Tamara Brock should be stricken in its entirety as Plaintiff makes numerous factual allegations without citing to the administrative record.  As a result, Plaintiff is required to request leave of the Court to supplement the record as Ms. Brock's affidavit is not part of the administrative record.   20 U.S.C. §1415(i)(2)(C) [reviewing court "shall hear additional evidence at the request of the party"]; *see e.g.*, *Katherine G. v. Kentfield School District*, 261 F.Supp.2d 1159, 1165 (N.D. Cal 2003).  Review of the administrative hearing "will generally be on the administrative record, with little, if any, supplementation of the evidence." *Livingston School District Nos. 4 and 1 v. Keenan*, 82 F.3d 912, 916 (9th Cir. 1996) [*citing Town of Burlington v. Department of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984), *affirmed by the Supreme Court*, 471 U.S. 359.

The Ninth Circuit has stated that acceptable reasons for supplementation of the record will vary and may include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. *Ojai Unified School Dist.*, 4 F.3d at 1473.  However, "[t]he starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding." *Id.*  A court will not admit additional documentary or oral evidence which is more of the same type of evidence already in the administrative record. *Brandon H.*, 82 F.Supp.2d, at 1182-84.  Given this standard, a decision on the administrative record alone is the norm. *West Platte R. II Sch. Dist. v. Wilson*, 439 F.3d 782, 785 (8th Cir. 2006) [finding courts normally determine IDEA issues based on administrative record].

The Ninth Circuit has further held a witness that testified at the administrative hearing is *rebuttably presumed* to be foreclosed from testifying at trial:

> … [i]n ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

2

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

SF 326027v1

1    *Ojai*, 4 F.3d at 1473;  *See also, Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th

2    Cir. 1998) ["[a] lenient standard for additional evidence would have the consequence of making

3    the whole IDEA process more time consuming, as parties scrambled to use the federal court

4    proceeding to patch up holes in their administrative case."].

5        In this case, not only did Ms. Brock represent her son at the due process hearing, she

6    testified for over two hours during the three-day hearing.  Thus, Ms. Brock is rebutably

7    presumed to be foreclosed from submitting this affidavit.

8        2.    <u>Brock Decl., ¶ 2</u>:  "At the April 7, 2006 IEP meeting, I agreed to a District
             Initiated Assessment for G.B in the areas of Academics, Speech and Language,
9            and Assistive Technology ("AT").  At no time during that meeting was an
             Independent Educational Evaluation ("IEE") discussed or was any agreement
10           made between the School District and me for an IEE."

11       The District objects to this evidence on the grounds the statements in this paragraph are

12   irrelevant and outside the scope of the issue on appeal under Federal Rules of Evidence ("FRE")

13   402 and 403.  Here, the District sought resolution of two issues at the underlying due process

14   hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007

15   assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an

16   independent educational evaluation ("IEE") at that time.  As the Administrative Law Judge

17   ("ALJ") determined the District is entitled to assess pursuant to the assessment plan and

18   Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements

19   claimed in paragraph 2 have no relevance to any issue before the Court.

20       3.    Brock Decl., ¶ 3:  "The School District chose and hired Dr. Cheong to perform
             an evaluation on G.B.  The School District obtained the evaluation from Dr.
21           Cheong on its own authority."

22       The District objects to this evidence on the grounds the statements in this paragraph are

23   irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

24   District sought resolution of two issues at the underlying due process hearing:  (1) whether the

25   District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

26   revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

27

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

3

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

1    ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

2    not entitled to an IEE, Plaintiff has appealed this decision. Therefore, the statements claimed in

3    paragraph 3 have no relevance to any issue before the Court.

4            4.    Brock Decl., ¶ 4:  "I agreed to the District initiated assessment but not an IEE
                   under the rule.  There is no evidence supporting the Defendant's claim that the
5                  assessment the District initiated was an agreement with me for an Independent
                   Educational Evaluation."
6

7        The District objects to this evidence on the grounds the statements in this paragraph are

8    irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

9    District sought resolution of two issues at the underlying due process hearing:  (1) whether the

10   District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

11   revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

12   ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

13   not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in

14   paragraph 4 have no relevance to any issue before the Court.

15           5.    Brock Decl., ¶ 5:  "On April 29, 2006 at 9:30 a.m., I sent an e-mail to the
                   District, which put the district on notice that G.B. had not been seen by the
16                 school Speech Therapist.  I received a response from the District that informed
                   me the District ensured that it would perform G.B.'s speech assessment."
17

18       The District objects to this evidence on the grounds the statements in this paragraph are

19   irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

20   District sought resolution of two issues at the underlying due process hearing:  (1) whether the

21   District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

22   revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

23   ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

24   not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in

25   paragraph 5 have no relevance to any issue before the Court.

26           6.    Brock Decl., ¶ 6:  "The District failed to perform that speech assessment."

27       The District objects to this evidence on the grounds the statement in this paragraph is

28
                                                    4
────────────────────────────────────────────────────────
DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-2805 EDL

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed in paragraph 6 has no relevance to any issue before the Court.

> 7.    <u>Brock Decl., ¶ 7</u>:  "I received permission from the district to have the speech assessment performed by G.B.'s private therapist after school ended in June 2006 because of the District's failure to perform the assessment as previously agreed."

The District objects to this evidence on the grounds the statement in this paragraph is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed in paragraph 7 has no relevance to any issue before the Court.

> 8.    <u>Brock Decl., ¶ 8</u>:  "The District was late by a year and a half performing the Assistive Technology Assessment referred to in ¶2 of this Affidavit.  The assessment was not performed until August 2007."

The District objects to this evidence on the grounds the statements in this paragraph are irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in paragraph 8 have no relevance to any issue before the Court.

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

9.    Brock Decl., ¶ 9:  "The District specifically scheduled an August 30, 2007 IEP meeting to include the AT assessor to discuss her assessment and have her present her findings."

The District objects to this evidence on the grounds the statement in this paragraph is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed in paragraph 9 has no relevance to any issue before the Court.

10.    Brock Decl., ¶ 10:  "The School District forgot to invite her to this meeting to interpret and discuss her results of her AT assessment.  Although she was not at this meeting, her report was in the school district's possession."

The District objects to this evidence on the grounds the statements in this paragraph are irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in paragraph 10 have no relevance to any issue before the Court.

11.    Brock Decl., ¶ 11:  "The AT assessor did present her report at the December 19, 2007 meeting."

The District objects to this evidence on the grounds the statement in this paragraph is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

6

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision. Therefore, the statement claimed in paragraph 11 has no relevance to any issue before the Court.

> 12.    Brock Decl., ¶ 12:  "The initial enhanced assessment plan provided to me on January 18, 2008 included another AT assessment. After I reminded the District that G.B. just had an AT assessment, the District withdrew its request."

The District objects to this evidence on the grounds the statements in this paragraph are irrelevant and outside the scope of the issue on appeal under FRE 402 and 403. Here, the District sought resolution of two issues at the underlying due process hearing: (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time. As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision. Therefore, the statements claimed in paragraph 13 have no relevance to any issue before the Court.

> 13.    Brock Decl., ¶ 13:  "Dr. Cheong performed the assessments the District hired her to perform and that she agreed to perform on April 7, 2006 except for one: the Woodcock Johnson Tests of Achievement. Dr. Cheong said she did not do that particular assessment because she did not have sufficient time. She did not complete it later."

The District objects to this evidence on the grounds the statements in this paragraph are improper expert opinion under Fed. R. Evid. 701- 703 and are irrelevant under Fed. R. Evid. 401-403. Ms. Brock offers no basis to assert her status as an "expert" and is not qualified to opine on Dr. Cheong's assessment.

> 14.    Brock Decl., ¶ 14:  "I attended what the District characterized as an IEP meeting on August 18, 2006. My expectation was that we would review all of the assessments and a report from Dr. Cheong because the school told me that this was the purpose of this meeting."

The District objects to this evidence on the grounds the statements in this paragraph are irrelevant and outside the scope of the issue on appeal under FRE 402 and 403. Here, the District sought resolution of two issues at the underlying due process hearing: (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

7

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

SF 326027v1

1    revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

2    ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

3    not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in

4    paragraph 14 have no relevance to any issue before the Court.

   15. <u>Brock Decl., ¶ 15</u>:  "G.B.'s special education teacher was not at this meeting, and
     neither were any of his general education teachers or any of his related service
     providers.  Because they weren't there, the meeting could not have been an IEP
     meeting as specified under the Federal and California special education rules and
     regulations."

  The District objects to this evidence on the grounds the statements in this paragraph are

irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

District sought resolution of two issues at the underlying due process hearing:  (1) whether the

District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in

paragraph 15 have no relevance to any issue before the Court.

   16. <u>Brock Decl., ¶ 16</u>:  "At the August 18, 2006 IEP meeting, Dr. Cheong refused to
     provide her report because the Defendant school district refused to pay her for
     the assessment."

  The District objects to this evidence on the grounds the statement in this paragraph is

irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

District sought resolution of two issues at the underlying due process hearing:  (1) whether the

District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed in

paragraph 16 has no relevance to any issue before the Court.

   17. <u>Brock Decl., ¶ 17</u>:  "Dr. Cheong did not have a copy of her assessment with her
     for the August 18, 2006 meeting.  Because she didn't have her written report, she

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1           was not able to present it to the Defendant school district or to G.B.'s mother at

2           that meeting.  Dr. Cheong said she had computer problems.  Instead of her

        written report, she spoke in generalities about her report during the meeting."

3       The District objects to this evidence on the grounds the statements in this paragraph are

4   irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

5   District sought resolution of two issues at the underlying due process hearing:  (1) whether the

6   District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

7   revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

8   ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

9   not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in

10  paragraph 17 have no relevance to any issue before the Court.

11        18.    <u>Brock Decl., ¶ 18</u>:  "At that meeting, Dr. Cheong did not provide the results of

12              three intellectual assessments that she performed on G.B.  The three assessment

            results were the Woodcock-Johnson test of cognitive ability, the Social

13              Responsiveness questionnaire, and the WISC."

14      The District objects to this evidence on the grounds the statements in this paragraph are

15  irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

16  District sought resolution of two issues at the underlying due process hearing:  (1) whether the

17  District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

18  revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

19  ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

20  not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in

21  paragraph 18 have no relevance to any issue before the Court.

22        19.    <u>Brock Decl., ¶ 19</u>:  "Dr. Cheong also did not perform the Woodcock Johnson

            Tests of Achievement assessment that she agreed with the school to perform."

23

24      The District objects to this evidence on the grounds the statement in this paragraph is

25  irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

26  District sought resolution of two issues at the underlying due process hearing:  (1) whether the

27  District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

28

SF 326027v1

1    revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

2    ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

3    not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed in

4    paragraph 19 has no relevance to any issue before the Court.

5         20.    Brock Decl., ¶ 20:  "During the meeting, Dr. Cheong failed to mention that her
                 report included her suspicion that G.B. might be on the Autism Spectrum."

6

7         The District objects to this evidence on the grounds the statement in this paragraph is

8    irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

9    District sought resolution of two issues at the underlying due process hearing:  (1) whether the

10   District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

11   revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

12   ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

13   not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed in

14   paragraph 20 has no relevance to any issue before the Court.

15        21.    Brock Decl., ¶ 21:  "My signature on the August 18, 2006 IEP indicates my
                 agreement to the services in the IEP, and was specifically not intended to indicate
16               my agreement to a report that I had not seen."

17        The District objects to this evidence on the grounds the statement in this paragraph

18   makes new factual allegations without citing to the administrative record.  As a result, Plaintiff

19   is required to request leave of the Court to supplement the record as Ms. Brock's affidavit is not

20   part of the administrative record.  Additionally, Ms. Brock represented her son at the due

21   process hearing, and she testified for over two hours during the three-day hearing.  Thus, Ms.

22   Brock is rebutably presumed to be foreclosed from submitting the information in this paragraph.

23        22.    Brock Decl., ¶ 22:  "Essential and mandatory team members were not present at
                 the August 18, 2006 IEP meeting.  Without these mandatory people, the IEP
24               developed was not developed at a duly constituted IEP meeting."

25        The District objects to this evidence on the grounds the statements in this paragraph are

26   irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

27   District sought resolution of two issues at the underlying due process hearing:  (1) whether the

28                                               10

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105

1   District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

2   revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

3   ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

4   not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in

5   paragraph 22 have no relevance to any issue before the Court.

6          23.     <u>Brock Decl., ¶ 23</u>:  "On August 30, 2007 I attended an IEP meeting to go over
                the AT assessment that the District and I agreed to on April 7, 2006."

7

8          The District objects to this evidence on the grounds the statement in this paragraph is

9   irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

10  District sought resolution of two issues at the underlying due process hearing:  (1) whether the

11  District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

12  revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

13  ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

14  not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed in

15  paragraph 23 has no relevance to any issue before the Court.

16         24.     <u>Brock Decl., ¶ 24</u>:  "The District failed to invite the assessor to that meeting."

17         The District objects to this evidence on the grounds the statement in this paragraph is

18  irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

19  District sought resolution of two issues at the underlying due process hearing:  (1) whether the

20  District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

21  revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

22  ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

23  not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed in

24  paragraph 24 has no relevance to any issue before the Court.

25         25.     Brock Decl., ¶ 25:  "During the August 30, 2007 IEP meeting, the District
                informed me that G.B.'s triennial review was going to be due in November of
26              2007."

27         The District objects to this evidence on the ground the statement in this paragraph is

28

---

11

1    cumulative and is barred by Plaintiff's failure to seek leave of the Court to supplement the

2    record as discussed in paragraph 1 supra.

3         26.    <u>Brock Decl., ¶ 26</u>:  "That is not factually true because G.B.'s last triennial was
               done in June 2004.  In addition, the District assessed G.B. in 2006."
4

5         The District objects to this evidence on the grounds the statements in this paragraph are

6    irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

7    District sought resolution of two issues at the underlying due process hearing:  (1) whether the

8    District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

9    revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

10   ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

11   not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in

12   paragraph 26 have no relevance to any issue before the Court.

13        27.    <u>Brock Decl., ¶ 27</u>:  "At the August 30, 2007 IEP meeting.  The District wrote a
               document confirming they were not asking for additional academic, intellectual,
14             speech, AT, or health assessments for G.B.'s upcoming triennial review.  Exhibit
               "A"."
15

16        The District objects to this evidence on the grounds the statements in this paragraph are

17   misleading and misrepresent the facts in the record.  At the August 30, 2007 IEP meeting, the

18   IEP team discussed the immediate need for an OT assessment to evaluate Student's need for OT

19   services at school.  Test. CN 5/12/08 at 216:13-15; Test. KH 5/13/08 at 385:20-25; 386:1-8;

20   Test. TB 5/13/08 at 328:20-22.  The District prepared a document entitled "Re-Evaluation

21   Review," in which it agreed to complete an OT assessment by September 26, 2007 and

22   indicated Student's triennial was due November 2007.  Exh. 508.  The evidence shows the

23   District intended to first conduct an OT assessment and then to complete the remainder of the

24   comprehensive triennial assessment.  Test. CN 5/12/08, at 216:13-25; 217:1-6; 257:15-17;

25   267:22-25; 268:1-3; 268:14-24; 270:6-11; Test. KH 5/13/08, at 386:16-21.  Thus, the above

26   statements are not supported by the testimony or evidence presented at the due process hearing.

27   The District further objects pursuant to FRE 901.

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA  94105

12

SF 326027v1

1

2

In addition, while purporting to attach a document as "Exhibit 'A'", the Affidavit does not identify the exhibit and does not include any attachments whatsoever.

3

28.    Brock Decl., ¶ 28:  "Contrary to the school's assertion, I did not receive a new assessment plan from the Defendant on or anywhere around October 11, 2007."

4

5

The District objects to this evidence on the grounds the statement in this paragraph

6

makes new factual allegations without citing to the administrative record.  As a result, Plaintiff

7

is required to request leave of the Court to supplement the record as Ms. Brock's affidavit is not

8

part of the administrative record.  Additionally, Ms. Brock represented her son at the due

9

process hearing, and she testified for over two hours during the three-day hearing.  Thus, Ms.

10

Brock is rebutably presumed to be foreclosed from submitting the information in this paragraph.

11

29.    Brock Decl., ¶ 29:  "I did receive a proposed IEP document on October 18, 2007, which did not include a new assessment plan."

12

13

The District objects to this evidence on the grounds the statement in this paragraph is

14

cumulative and makes new factual allegations without citing to the administrative record.  Since

15

Ms. Brock represented her son at the due process hearing, and she testified for over two hours

16

during the three-day hearing.  Thus, Ms. Brock is rebutably presumed to be foreclosed from

17

submitting the information in this paragraph.  Therefore, the statement in this paragraph is

18

barred by Plaintiff's failure to seek leave of the Court to supplement the record as discussed in

paragraph 1 supra.

19

20

30.    Brock Decl., ¶ 30:  "I met with case manager Cheri Ng, and assistant principal, Janet Terranova on October 30, 2007.  Neither of those individuals mentioned triennial assessments at that meeting.  Cheri Ng confirmed that we spoke and exchanged e-mails frequently.  At no time did Cheri Ng mention a new triennial assessment plan to me."

21

22

23

The District objects to this evidence on the grounds the statement in this paragraph is

24

cumulative and is barred by Plaintiff's failure to seek leave of the Court to supplement the

25

record as discussed in paragraph 1 supra.  The District further objects on the ground that the

26

statement regarding Ms. Ng's conversation with Ms. Brock is based upon hearsay not subject to

27

any exception under FRE 802 and 803.

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA  94105

13

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

31.    Brock Decl., ¶ 31:  "I attended G.B.'s triennial IEP on December 19, 2007.  At the meeting, the District handed me a generic assessment plan.  The District told me legal action would ensue if I did not sign the form."

The District objects to this evidence on the grounds the statements in this paragraph regarding Ms. Brock's attendance at the IEP meeting is cumulative and is barred by Plaintiff's failure to seek leave of the Court to supplement the record as discussed in paragraph 1 supra

The District also objects to the statement in this paragraph as it is misleading and misrepresents the facts in the record.  Contrary to plaintiff's assertions, the assessment plan was not blank or "generic" and provided Parents information regarding the areas Student would be tested in.  Test. KH 5/13/08, at 389:11-25; Test. TB 5/13/08, at 320:22-25.   Thus, these statements are not supported by the testimony or evidence presented at the due process hearing.  The District further objects pursuant to FRE 901.  The District further objects on the ground that the statement regarding conversations between District staff and Ms. Brock is based upon hearsay not subject to any exception under FRE 802 and 803.

32.    Brock Decl., ¶ 32:  "I asked the District specifically what tests it was proposing.  The District responded by telling me, 'We don't have to tell you'."

The District objects to this evidence on the grounds the statement in this paragraph is cumulative and is barred by Plaintiff's failure to seek leave of the Court to supplement the record as discussed in paragraph 1 supra.  The District further objects on the ground that the statement regarding conversations between District staff and Ms. Brock is based upon hearsay not subject to any exception under FRE 802 and 803.

33.    Brock Decl., ¶ 33:  "After a discussion, the District agreed to call me later to discuss the specific tests."

The District objects to this evidence on the grounds the statement in this paragraph is cumulative and is barred by Plaintiff's failure to seek leave of the Court to supplement the record as discussed in paragraph 1 *supra*.  The District further objects on the ground that the statement regarding conversations between District staff and Ms. Brock is based upon hearsay not subject to any exception under FRE 802 and 803.

14

34.   Brock Decl., ¶ 34:  "At the December 19, 2007, [sic] I asked the District again to release G.B.'s last assessment (Dr. Cheong's August 1, 2006 assessment).  The District personnel left the meeting room to consult.  When they returned the District agreed to release Dr. Cheong's report."

The District objects to this evidence on the grounds the statements in this paragraph are irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in paragraph 18 have no relevance to any issue before the Court.

35.   Brock Decl., ¶ 35:   "On January 18 2008, the District sent an 'enhanced' assessment to me.  That 'enhanced' assessment did not have benefit of my input or the input of G.B.'s related service providers for related services.  The District did not use Dr. Cheong's report as it developed the 'enhanced' assessment."

The District objects to this evidence on the grounds the statements in this paragraph are cumulative and are barred by Plaintiff's failure to seek leave of the Court to supplement the record as discussed in paragraph 1 *supra*.  The District further objects to this evidence on the grounds the statements in this paragraph are irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in paragraph 18 have no relevance to any issue before the Court.

36.   Brock Decl., ¶ 36:   "Dr. Cheong testified the District did not consult with her about the specifics of the 'enhanced plan'."

The District objects to this evidence on the grounds the statement in this paragraph is

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

15

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

SF 326027v1

1    cumulative and is barred by Plaintiff's failure to seek leave of the Court to supplement the

2    record as discussed in paragraph 1 *supra*. The District also objects evidence in this paragraph

3    on the grounds that it purports to recite testimony at the due process hearing without citing to

4    the administrative record.

5           37.    <u>Brock Decl., ¶ 37</u>:  "After receiving the enhanced assessment plan January 18,
         2008, I contacted G.B.'s speech therapist. She told me the School District did

6         not consult with her about testing and that she was not recommending any

7         testing."

8          The District objects to this evidence on the grounds the statements in this paragraph are

9    irrelevant and outside the scope of the issue on appeal under FRE 402 and 403. Here, the

10   District sought resolution of two issues at the underlying due process hearing:  (1) whether the

11   District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

12   revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time. As the

13   ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

14   not entitled to an IEE, Plaintiff has appealed this decision. Therefore, the statements claimed in

15   paragraph 38 have no relevance to any issue before the Court.

16         The District further objects on the ground that the statement regarding communications

17   between Ms. Brock and District staff are based upon hearsay not subject to any exception under

18   FRE 802 and 803. The District also objects to this evidence on the grounds the statement in this

19   paragraph makes new factual allegations without citing to the administrative record. As a result,

20   Plaintiff is required to request leave of the Court to supplement the record as Ms. Brock's

21   affidavit is not part of the administrative record. Additionally, Ms. Brock represented her son at

22   the due process hearing, and she testified for over two hours during the three-day hearing. Thus,

23   Ms. Brock is rebutably presumed to be foreclosed from submitting the information in this

24   paragraph.

25         38.    <u>Brock Decl., ¶ 38</u>:  "On January 18, 2008 I responded to the enhanced
         assessment plan and again I asked for a copy of Dr. Cheong's report. I did not

26         receive a response from the District. I sent an e-mail message to our school

27         superintendent to obtain that report on January 29, 2008."

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

16

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    The District objects to this evidence on the grounds the statements in this paragraph are

2    irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

3    District sought resolution of two issues at the underlying due process hearing:  (1) whether the

4    District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

5    revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

6    ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

7    not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed in

8    paragraph 38 have no relevance to any issue before the Court.

9          39.    Brock Decl., ¶ 39:  "As of March 11, 2008, the school district still had not
10                   provided me with Dr. Cheong's Academic Assessment and Functional
11                   Performance Report.  Because I had not received the report and because it had
                been almost two years, I asked the Defendant District for an Independent
12                   Educational Evaluation at public expense."

13   The District objects to this evidence on the grounds the statements in this paragraph are

14   cumulative and are barred by Plaintiff's failure to seek leave of the Court to supplement the

record as discussed in paragraph 1 *supra*.

15         40.    Brock Decl., ¶ 40:  "I then received a copy of Dr. Cheong's report on March 13,
16                   2008."

17   The District objects to this evidence on the grounds the statement in this paragraph is

18   cumulative and is barred by Plaintiff's failure to seek leave of the Court to supplement the

19   record as discussed in paragraph 1 *supra*.

20         41.    Brock Decl., ¶ 41:  "I repeated my request for an IEE because the report given to
21                   me was late, contained errors, and vital information was missing from the
                report."

22   The District objects to this evidence on the grounds the statement in this paragraph is

23   cumulative and is barred by Plaintiff's failure to seek leave of the Court to supplement the

24   record as discussed in paragraph 1 *supra*.

25         42.    Brock Decl., ¶ 42:  "On April 3, 2008, G.B.'s case manager sent an e-mail
26                   message to me about having a meeting to go over Dr. Cheong's assessment
                report."

27   The District objects to this evidence on the grounds the statement in this paragraph is

28                               17

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

2    District sought resolution of two issues at the underlying due process hearing:  (1) whether the

3    District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

4    revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

5    ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

6    not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed in

7    paragraph 42 has no relevance to any issue before the Court.  The District further objects to this

8    evidence on the grounds the statements in this paragraph are cumulative and is barred by

9    Plaintiff's failure to seek leave of the Court to supplement the record as discussed in paragraph

10    1 *supra*.

11          43.    <u>Brock Decl., ¶ 43</u>: "On April 8, 2008, instead of holding this meeting to go over
                 Dr. Cheong's report, the District filed a formal request to initiate a due process

12                 hearing."

13        The District objects to this evidence on the grounds the statement in this paragraph is

14    irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

15    District sought resolution of two issues at the underlying due process hearing:  (1) whether the

16    District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

17    revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

18    ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

19    not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed in

20    paragraph 43 has no relevance to any issue before the Court.

21          44.    <u>Opposition, at 14:8-11</u>: "The Administrative Law Judge erroneously assumed
                 that the "District staff needs to use their professional judgment and training to

22                 determine the proper tests to be given, the nature of observations during the

23                 assessment process and information they need to gather to produce valid test
                 results."

24
        The District objects to this evidence as Plaintiff relies on the Brock Decl. for support.

25    The Brock Decl. is barred by Plaintiff's failure to seek leave of the Court to supplement the

26
     record as discussed in paragraph 1 *supra*.

27

28                                                18

45.    Opposition, at 14:14-19:  "Under the IDEA's mandate for informed parental consent and parental involvement in the development and implementation of their child's special education, this Court can find that the Parents in this matter were justified in making a concerted effort to provide their input and their participation to the District or any person employed by or working on the District's behalf associated with the planning and executing of assessments of GB."

The District objects to this evidence as Plaintiff relies on the Brock Decl. for support. The Brock Decl. is barred by Plaintiff's failure to seek leave of the Court to supplement the record as discussed in paragraph 1 *supra*.

46.    Opposition, at 3:14-15:  "that means his next triennial review was due June 1, 2007, not on November 16, 2007 as District claims in its Motion to Dismiss [sic]."

The District objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed above has no relevance to any issue before the Court.

47.    Opposition, at 3:16-18:  "The results of the June 1, 2004 assessment shows that G.B. demonstrates superior perceptual reasoning abilities, average working memory and processing speed and low average verbal comprehension, which contradicts the Districts [sic] statement of facts."

The District objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

19

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

SF 326027v1

IEE, Plaintiff has appealed this decision.   Therefore, the statement claimed above has no relevance to any issue before the Court.

48. <u>Opposition, at 3:19-21</u>:  "Parents have sought to have the District assess G.B.'s educational needs over the years with little result.  The District finally brought in Dr. Cheong to help them understand how G.B.'s disabilities affect his educational needs."

The District objects to this evidence on the grounds the above statements are irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed above have no relevance to any issue before the Court.

The District also objects to this evidence as it is misleading and misrepresents the facts in the record.  Thus, this statement is not supported by the testimony or evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

49. <u>Opposition, at 4:1-3</u>:  "The federal and California regulations governing triennial review has [sic] not substantially changed since GB's last triennial review on June 1, 2004."

The District objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.   Therefore, the statement claimed above has no relevance to any issue before the Court.

50. <u>Opposition, at 4:7-9</u>:  "The District did assess G.B. within the last three years.

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

Specifically, the assessments were performed by the District within one year of prior to June 1, 2007, which was his actual triennial review due date."

The District objects to this evidence as it is misleading and misrepresents the facts in the record. Dr. Cheong's 2006 independent assessment evaluated Student's academic achievement only and was not a comprehensive triennial assessment. Test. KH 5/13/08 at 402:10-13; 403:6-10; DX 6. Plan  Dr. Cheong's 2006 assessment did not include any cognitive or intellectual testing. Test. KH 5/13/08 at 403:6-10; 404:12-13; DX 6. Contrary to Plaintiff's assertions, the District did not conduct a speech and language assessment in the last three years. Test. J. Chandler 5/12/08 at 176:25; 177:1-2; Decision ¶ 10 at 4. The last speech assessment of Student, conducted by his private therapist, was conducted in August 2006, more than a year prior to the development of the triennial assessment plan. Test. J. Chandler 5/12/08 at 177:13-14; Test. TB 5/13/08 at 333:19-25; 333:1-2; Decision ¶ 10 at 4.

Thus, this statement is not supported by the testimony or evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

51.    <u>Opposition, at 4:11-12:</u>  "The Parents signed a District initiated assessment plan developed on April 7, 2006, not on June 2006, as District claims."

The District objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403. Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time. As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision. Therefore, the statement claimed above has no relevance to any issue before the Court.

52.    <u>Opposition, at 4:22-24:</u>  "Unfortunately, because the District refused to pay her bill, Dr. Cheong did not generate a copy of her report for the District."

The District objects to this evidence as it is misleading and misrepresents the facts in the record. See Test. JC 5/12/08 at 47:12-15; Stipulation; Declaration of Sarah Daniel, at Ex. A, at

21

¶ 11:1-4 (Order Following Pre-Hearing Conference).  Thus, this statement is not supported by the testimony or evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

    53.    <u>Opposition, at 5:1-4</u>:  "When the school year ended without GB being assessed, the Parents received permission to have the speech assessment performed by a private therapist.  The assessment was performed in August 2006 and the parents presented the assessment and its report to the District as well as their request for payment."

The District objects to this evidence on the grounds the above statements are irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed above have no relevance to any issue before the Court.

    54.    <u>Opposition, at 5:4-6</u>:  "The speech assessment was performed less than a year prior to G.B.'s triennial review, this no further assessment is warranted."

The District objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed above has no relevance to any issue before the Court.

    55.    <u>Opposition, at 5:6-7</u>:  "The AT assessment was performed sixteen months later, well past the 60 day timeline."

The District objects to this evidence on the grounds the above statement is irrelevant and

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

22

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1  outside the scope of the issue on appeal under FRE 402 and 403.   Here, the District sought

2  resolution of two issues at the underlying due process hearing:  (1) whether the District has a

3  right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

4  8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.   As the ALJ determined the

5  District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

6  IEE, Plaintiff has appealed this decision.   Therefore, the statement claimed above has no

7  relevance to any issue before the Court.

8    56.    Opposition, at 5:12-14:    "Regrettably, the District failed to invite the AT
            assessor, so the IEP team was not able to review her report.  The district also did
9            not have an Occupational Therapist at that meeting."

10    The District objects to this evidence on the grounds the above statement is irrelevant and

11  outside the scope of the issue on appeal under FRE 402 and 403.   Here, the District sought

12  resolution of two issues at the underlying due process hearing:  (1) whether the District has a

13  right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

14  8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.   As the ALJ determined the

15  District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

16  IEE, Plaintiff has appealed this decision.   Therefore, the statement claimed above has no

17  relevance to any issue before the Court.

18    57.    Opposition, at 5:15-17: "Because of the recent assessments that were performed,
            the District told Parents they did not need further testing.  This fact is written into
19            the proposed triennial assessment plan."

20    The District objects to the above statements as it is misleading and misrepresents the

21  facts in the record.  At the August 30, 2007 IEP meeting, the IEP team discussed the immediate

22  need for an OT assessment to evaluate Student's need for OT services at school.  Test. CN

23  5/12/08 at 216:13-15; Test. KH 5/13/08 at 385:20-25; 386:1-8; Test. TB 5/13/08 at 328:20-22.

24  The District prepared a document entitled "Re-Evaluation Review," in which it agreed to

25  complete an OT assessment by September 26, 2007 and indicated Student's triennial was due

26  November 2007.  Exh. 508.  The evidence shows the District intended to first conduct an OT

27  assessment and then to complete the remainder of the comprehensive triennial assessment.  Test.

28                                                        23

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

1    CN 5/12/08, at 216:13-25; 217:1-6; 257:15-17; 267:22-25; 268:1-3; 268:14-24; 270:6-11; Test.

2    KH 5/13/08, at 386:16-21.    Thus, these statements are not supported by the testimony or

3    evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

4        58.    Opposition, at 5:17-20:  "Because of gaps providing Occupational Therapy to
             G.B., as well as the District's failure to assess G.B. during his triennial
5             assessment or planning for it during the April 7, 2006 assessment planning, the
             District and Parents agreed to an OT assessment if the District could provide an
6             appropriate assessor."

7        The District objects to the above statements as they are misleading and misrepresents the

8    facts in the record.  At the August 30, 2007 IEP meeting, the IEP team discussed the immediate

9    need for an OT assessment to evaluate Student's need for OT services at school.  Test. CN

10   5/12/08 at 216:13-15; Test. KH 5/13/08 at 385:20-25; 386:1-8; Test. TB 5/13/08 at 328:20-22.

11   The District prepared a document entitled "Re-Evaluation Review," in which it agreed to

12   complete an OT assessment by September 26, 2007 and indicated Student's triennial was due

13   November 2007.  Exh. 508.  The evidence shows the District intended to first conduct an OT

14   assessment and then to complete the remainder of the comprehensive triennial assessment.  Test.

15   CN 5/12/08, at 216:13-25; 217:1-6; 257:15-17; 267:22-25; 268:1-3; 268:14-24; 270:6-11; Test.

16   KH 5/13/08, at 386:16-21.    Thus, these statements are not supported by the testimony or

17   evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

18       The District objects to this evidence on the grounds the above statement makes new

19   factual allegations without citing to the administrative record.  As a result, Plaintiff is required

20   to request leave of the Court to supplement the record as described in paragraph 1 *supra*.

21   Additionally, Ms. Brock represented her son at the due process hearing, and she testified for

22   over two hours during the three-day hearing.  Thus, Ms. Brock is rebutably presumed to be

23   foreclosed from submitting the above statement and is improperly trying to re-testify to patch up

24   holes in her case.  *Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998)

25   ["[a] lenient standard for additional evidence would have the consequence of making the whole

26   IDEA process more time consuming, as parties scrambled to use the federal court proceeding to

27   patch up holes in their administrative case."].

28                                24

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

SF 326027v1

Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105

1    The District further objects on the ground that the above statements are based upon

2    hearsay not subject to any exception under FRE 802 and 803.

3        59.    Opposition, at 5:20-23: "No OT therapist attended this IEP meeting to discuss an
          "urgent" assessment. The District promised to have the Occupational Therapist

4              meet with the parents to go over the assessment. Unfortunately the District also
          failed to have the Occupational Therapist meet with the Parents."

5

6        The District objects to this evidence on the grounds the above statements are irrelevant

7    and outside the scope of the issue on appeal under FRE 402 and 403. Here, the District sought

8    resolution of two issues at the underlying due process hearing: (1) whether the District has a

9    right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

10   8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time. As the ALJ determined the

11   District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

12   IEE, Plaintiff has appealed this decision. Therefore, the statements claimed above have no

13   relevance to any issue before the Court.

14       60.    Opposition, at 5:24-26: "The District's claim that an immediate need for only an
          Occupational Therapy assessment is in direct conflict with the report for

15             Assistive Technology submitted at his IEP meeting."

16       The District objects to this evidence on the grounds the above statement is irrelevant and

17   outside the scope of the issue on appeal under FRE 402 and 403. Here, the District sought

18   resolution of two issues at the underlying due process hearing: (1) whether the District has a

19   right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

20   8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time. As the ALJ determined the

21   District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

22   IEE, Plaintiff has appealed this decision. Therefore, the statement claimed above has no

23   relevance to any issue before the Court.

24       61.    Opposition, at 5:26-28: "Moreover, the form the District used is specific to a
          triennial testing process and is different from a regular assessment form."

25

26       The District objects to this evidence on the grounds the above statement makes new

27   factual allegations without citing to the administrative record. As a result, Plaintiff is required

28

25

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

to request leave of the Court to supplement the record as described in paragraph 1 *supra*. Additionally, Ms. Brock represented her son at the due process hearing, and she testified for over two hours during the three-day hearing. Thus, Ms. Brock is rebutably presumed to be foreclosed from submitting the above statement and is improperly trying to re-testify to patch up holes in her case. *Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998) ["[a] lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case."].

62.    Opposition, at 6:1-3: "In other words, the District did not intend to first conduct an OT assessment. And, the Assistive Technology assessment predates the District's "urgent" need for a triennial review."

The District objects to the above statements as they are misleading and misrepresents the facts in the record. At the August 30, 2007 IEP meeting, the IEP team discussed the immediate need for an OT assessment to evaluate Student's need for OT services at school. Test. CN 5/12/08 at 216:13-15; Test. KH 5/13/08 at 385:20-25; 386:1-8; Test. TB 5/13/08 at 328:20-22. The District prepared a document entitled "Re-Evaluation Review," in which it agreed to complete an OT assessment by September 26, 2007 and indicated Student's triennial was due November 2007. Exh. 508. The evidence shows the District intended to first conduct an OT assessment and then to complete the remainder of the comprehensive triennial assessment. Test. CN 5/12/08, at 216:13-25; 217:1-6; 257:15-17; 267:22-25; 268:1-3; 268:14-24; 270:6-11; Test. KH 5/13/08, at 386:16-21. Thus, these statements are not supported by the testimony or evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

63.    Opposition, at 6:9-11: "At the hearing the fact was established that Ms. Ng never mailed or emailed the new assessment plan to the Parents."

The District objects to the above statement as it is misleading and misrepresents the facts in the record. After generating the assessment plan, Cheryl Ng, Student's resource specialist and case manager, provided a copy of the assessment plan to Parents. Test. CN 5/12/08 at 222:14-25. The District provided parents with the assessment plan, explained the assessment

26

1    plan, and responded to the Parents' request for additional information.  Test. CN 5/12/08 at

2    218:25; 219:1-25; 220:1-6; 222:14-25; 224:4-21; 251:13-25; Exh. 789; Exh. 488-489; Test. KH

3    5/13/08 at 389:5-7; 389:11-15; 394:1-19; Exh. 467-487; Test. JT 5/12/08 at 115:9-15; 116:1-15;

4    117:15-22; Test. JC 5/12/08 at 41:11-16; 41:25; 42: 1-18; Exh. 464-466 1; Test. TB 5/13/08 at

5    317:17-24; 323:20-23; 367:1-2. Thus, the above statement is not supported by the testimony or

6    evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

7              64.    Opposition, at 6:12-14:  "Ms. Ng tried to cover this up by sending an e-mail one
                     week before the December 19, 2007 IEP meeting to the parents to ask if the
8                     parents "want(s) any assessments done."

9            The District objects to this evidence on the grounds the above statement makes new

10   factual allegations without citing to the administrative record.  As a result, Plaintiff is required

11   to request leave of the Court to supplement the record as Ms. Brock's affidavit is not part of the

12   administrative record.  Additionally, Ms. Brock represented her son at the due process hearing,

13   and she testified for over two hours during the three-day hearing.  Thus, Ms. Brock is rebutably

14   presumed to be foreclosed from submitting the above statement and is improperly trying to re-

15   testify to patch up holes in her case.  *Springer Fairfax County School Board*, 134 F.3d 659, 667

16   (4th Cir. 1998) ["[a] lenient standard for additional evidence would have the consequence of

17   making the whole IDEA process more time consuming, as parties scrambled to use the federal

18   court proceeding to patch up holes in their administrative case."].

19             65.    Opposition, at 6:15-17:  "Had Ms. Ng developed an assessment plan on October
                     11, 2007, she would have mentioned it at the October 30, 2007 meeting and/or
20                    during numerous conversations that she had with Mother, but she didn't."

21           The District objects to this evidence on the grounds the above statement makes new

22   factual allegations without citing to the administrative record.  As a result, Plaintiff is required

23   to request leave of the Court to supplement the record as Ms. Brock's affidavit is not part of the

24   administrative record.  Additionally, Ms. Brock represented her son at the due process hearing,

25   and she testified for over two hours during the three-day hearing.  Thus, Ms. Brock is rebutably

26   presumed to be foreclosed from submitting the above statement and is improperly trying to re-

27   testify to patch up holes in her case.  *Springer Fairfax County School Board*, 134 F.3d 659, 667

28                                                          27

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1   (4th Cir. 1998) ["[a] lenient standard for additional evidence would have the consequence of

2   making the whole IDEA process more time consuming, as parties scrambled to use the federal

3   court proceeding to patch up holes in their administrative case."].

4         66.    Opposition, at 6:24-26: "Ms. Ng also testified that she developed the plan

5               because Ms. Miller, GB's Science teacher, had certain questions and concerns
            about G.B."

6         The District objects to the above statement as it is misleading and misrepresents the facts

7   in the record.  The District sought to assess Student in the following five domains five domains

8   because Student's triennial evaluation was due in November 2007:  1) academic/pre-academic

9   achievement testing to be completed by the general education teacher and resource specialist; 2)

10  speech/language assessment to be completed by a Speech and Language Pathologist; 3)

11  intellectual development testing to be completed by a school psychologist; 4) gross/fine motor

12  development evaluation to be completed by the occupational therapist; and 5) career/vocational

13  assessment to be conducted by the resource specialist. Test. CN 5/12/08 at 218:25; 219:1-25;

14  220:1-6; Exh. 508.   Thus, the above statement is not supported by the testimony or evidence

15  presented at the due process hearing. The District further objects pursuant to FRE 901.

16        67.    Opposition, at 6:27-28, 7:1: "Ms. Miller testified that she did not know G.B.
may be on the Autism Spectrum and that she knows little about Autism.  That

17              admission at the hearing demonstrates that Ms. Miller had not read Dr. Cheong's

18              assessment."

19        The District objects to this evidence on the grounds the above statements are irrelevant

20  and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

21  resolution of two issues at the underlying due process hearing:  (1) whether the District has a

22  right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

23  8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

24  District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

25  IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed above have no

26  relevance to any issue before the Court.

27        68.    Opposition, at 7:1-3: " . . . her questions, which would have been answered by

28                                  28

---

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

training her and having her implement Student's IEP, which she failed to do."

The District objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403. Here, the District sought resolution of two issues at the underlying due process hearing: (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time. As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision. Therefore, the statement claimed above has no relevance to any issue before the Court.

The District objects to this evidence on the grounds the above statement makes new factual allegations without citing to the administrative record. As a result, Plaintiff is required to request leave of the Court to supplement the record as Ms. Brock's affidavit is not part of the administrative record. Additionally, Ms. Brock represented her son at the due process hearing, and she testified for over two hours during the three-day hearing. Thus, Ms. Brock is rebutably presumed to be foreclosed from submitting the above statement and is improperly trying to re-testify to patch up holes in her case. *Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998) ["[a] lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case."].

69.    Opposition, at 7:5: " . . . G.B.'s performance has improved to the point that he has a B+ in Science now that Ms. Miller is using his sound field system."

The District objects to this evidence on the grounds the above statement makes new factual allegations without citing to the administrative record. As a result, Plaintiff is required to request leave of the Court to supplement the record as Ms. Brock's affidavit is not part of the administrative record. Additionally, Ms. Brock represented her son at the due process hearing, and she testified for over two hours during the three-day hearing. Thus, Ms. Brock is rebutably presumed to be foreclosed from submitting the above statement and is improperly trying to re-

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

SF 326027v1

1   testify to patch up holes in her case.  *Springer Fairfax County School Board*, 134 F.3d 659, 667

2   (4th Cir. 1998) ["[a] lenient standard for additional evidence would have the consequence of

3   making the whole IDEA process more time consuming, as parties scrambled to use the federal

4   court proceeding to patch up holes in their administrative case."].

5       The District further objects to this evidence on the grounds the above statement is

6   irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the

7   District sought resolution of two issues at the underlying due process hearing:  (1) whether the

8   District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

9   revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

10  ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

11  not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed

12  above has no relevance to any issue before the Court.

13          70.     Opposition, at 7:6:  "Student is virtually deaf with it and the sound field system is
                    required by his IEP."

14

15      The District objects to this evidence on the grounds the above statement is irrelevant and

16  outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

17  resolution of two issues at the underlying due process hearing:  (1) whether the District has a

18  right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

19  8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

20  District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

21  IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed above has no

22  relevance to any issue before the Court.

23      The District further objects to this evidence on the grounds the above statement makes

24  new factual allegations without citing to the administrative record.  As a result, Plaintiff is

25  required to request leave of the Court to supplement the record as described in paragraph 1

26  *supra*.  Additionally, Ms. Brock represented her son at the due process hearing, and she testified

27  for over two hours during the three-day hearing.  Thus, Ms. Brock is rebutably presumed to be

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

30

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

SF 326027v1

1    foreclosed from submitting the above statement and is improperly trying to re-testify to patch up

2    holes in her case.  *Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998)

3    ["[a] lenient standard for additional evidence would have the consequence of making the whole

4    IDEA process more time consuming, as parties scrambled to use the federal court proceeding to

5    patch up holes in their administrative case."].

> 71.    Opposition, at 7:6-10:  "Mother found the field system in noncompliance during
>        a class visit.  The noncompliance was the result of Ms. Miller's failure to follow
>        GB's IEP during the fall of 2007.  G.B. also improved once the District replaced
>        his poor performing aide support."

The District objects to this evidence on the grounds the above statements are irrelevant

and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

resolution of two issues at the underlying due process hearing:  (1) whether the District has a

right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed above have no

relevance to any issue before the Court.

> 72.    Opposition, at 7:16-19:  "Legal counsel for the District presented a generic
>        triennial assessment form to the Parents.  Instead seeking consent from the
>        Parents, the District instructed the Parents, the District would sue them.  Much to
>        everyone's surprise, when the District was asked to identify the specific
>        assessments and assessors, the District responded- 'We don't have to tell you.'"

The District objects to this evidence on the grounds the above statements are irrelevant

and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

resolution of two issues at the underlying due process hearing:  (1) whether the District has a

right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed above have no

relevance to any issue before the Court.

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

31

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    The District further objects to this evidence on the grounds the above statements make

2    new factual allegations without citing to the administrative record.  As a result, Plaintiff is

3    required to request leave of the Court to supplement the record as described in paragraph 1

4    *supra.*  Additionally, Ms. Brock represented her son at the due process hearing, and she testified

5    for over two hours during the three-day hearing.  Thus, Ms. Brock is rebutably presumed to be

6    foreclosed from submitting the above statements and is improperly trying to re-testify to patch

7    up holes in her case.  *Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998)

8    ["[a] lenient standard for additional evidence would have the consequence of making the whole

9    IDEA process more time consuming, as parties scrambled to use the federal court proceeding to

10   patch up holes in their administrative case."].

11      73.    Opposition, at 7: 22-28:  "The District was not able to provide basic details about
       the assessment at that meeting.  The offer did not contain sufficient specificity

12          for Parents to understand the offer and give their informed consent.  The District
       did not have sufficient information or have someone present who was capable of

13          explaining the proposed, or offered assessment plan to the Parents.  The Parents'
       attorney advised the District that it had to provide this information to the Parents

14          in order for the Parents to give their informed consent.  The District conceded
       and promised to call the Parents.  But again, the district failed to follow through

15          on its promise."

16

17   The District objects to the above statement as it is misleading and misrepresents the facts

18   in the record. The record also establishes District staff provided Parents with ample information

19   regarding the proposed assessment plan and types of assessments to be conducted.  Test. KH

20   5/13/08 at 389:11-25; 394:1-19; Exh. 789; Test. CN 5/12/08 at 224:4-21; 251:13-25; Exh..488-

21   489; Test. JT 5/12/08 at 115:9-15; 116:1-15; 117:15-22; Test. JC 5/12/08 at 41:11-16; 41:25;

22   42: 1-18.  In response to Parents' requests, although it was not required by law, the District

23   revised the initial October 11, 2007 assessment plan and on January 18, 2008 presented Parents

24   with  information  regarding  specific  testing  instruments  which  might  be  utilized  in  the

25   completion of Student's triennial assessment. Exh. 464-466; Test. CN 5/12/08 at 218:25; 219:1-

26   25; 220:1-6; Test. TB 5/13/08 at 317:17-24; 323:20-23; 367:1-2.  The District provided Parents

27   with more than adequate information so Parents could provide informed consent to the proposed

28

                                          32

1   assessment plan.   Opposition, at 8:15-16:   "Mother stated categorically that the "offered"

2   assessment plan is incomplete and is poorly prepared."  Thus, this statement is not supported by

3   the testimony or evidence presented at the due process hearing.  The District further objects

4   pursuant to FRE 901.

5          The District also objects to this evidence on the ground the statement in this paragraph is

6   cumulative and is barred by Plaintiff's failure to seek leave of the Court to supplement the

7   record as discussed in paragraph 1 *supra*.

8          The District further objects to this evidence on the grounds the above statement is

9   irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.   Here, the

10  District sought resolution of two issues at the underlying due process hearing:  (1) whether the

11  District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as

12  revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the

13  ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is

14  not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed

15  above had no relevance to any issue before the Court.

16         The District also objects to this evidence on the grounds the statements in this paragraph

17  are improper expert opinion under Fed. R. Evid. 701- 703 and are irrelevant under Fed. R. Evid.

18  401-403.  Ms. Brock offers no basis to assert her status as an "expert" and is not qualified to

19  opine on a legally compliant assessment plan.

20         74.    Opposition, at 8:17-19:  "The school testified they did not have a copy of Dr.
           Cheong's report or even a draft of it because the District to pay Dr. Cheong for
21         the assessment and report."

22         The District objects to the above statement as it is misleading and misrepresents the facts

23  in the record.  At the August 18, 2006 IEP meeting, Dr. Cheong presented the findings of her

24  assessment and a written draft report.  Exh.820-821; Test. JC 5/12/08 at 33:21-23; 34:2-4; Test.

25  TB 5/13/08 at 312:15-19; 313:22-25.   When the District learned Dr. Cheong had not been paid

26  for her June 2006 independent academic assessment.  Subsequently, the District requested an

27  invoice for the assessment and remitted payment.  Test. JC 5/12/08 at 47:12-15; Stipulation.

28                                                    33

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

1   Declaration of Sarah Daniel, at Ex. A, at ¶ 11:1-4 (Order Following Pre-Hearing Conference).

2   Upon receipt of payment, in March 2008, Dr. Cheong issued a final assessment report

3   regarding her June 2006 independent academic assessment.  Stipulation.  *Id.*  The assessment

4   results and information provided in the final report did not differ from the draft report Dr.

5   Cheong presented to the IEP team on August 18, 2006.  Test. JC 5/12/08 at 38:16-22; 39:1-3.

6   Thus, this statement is not supported by the testimony or evidence presented at the due process

7   hearing. The District further objects pursuant to FRE 901.

8       75.   Opposition, at 8:20-22:  "However, the District waited until March 13, 2008 to
            give the Parents a copy of that report."

9

10  The District objects to the above statement as it is misleading and misrepresents the facts

11  in the record.  At the August 18, 2006 IEP meeting, Dr. Cheong presented the findings of her

12  assessment and a written draft report.  Exh.820-821; Test. JC 5/12/08 at 33:21-23; 34:2-4; Test.

13  TB 5/13/08 at 312:15-19; 313:22-25.   The assessment results and information provided in the

14  final report did not differ from the draft report Dr. Cheong presented to the IEP team on August

15  18, 2006.  Test. JC 5/12/08 at 38:16-22; 39:1-3. Thus, this statement is not supported by the

16  testimony or evidence presented at the due process hearing. The District further objects pursuant

17  to FRE 901.

18      76.   Opposition, at 8:23-25:  " . . . the District filed its request for an administrative
            due process hearing and refused to hold an IEP meeting until after the hearing."

19

20  The District objects to this evidence on the grounds the above statement is irrelevant and

21  outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

22  resolution of two issues at the underlying due process hearing:  (1) whether the District has a

23  right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

24  8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

25  District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

26  IEE, Plaintiff has appealed this decision.   Therefore, the statement claimed above had no

27  relevance to any issue before the Court.

28      77.   Opposition, at 9:1-3: "Although G.B. has had substantial testing and assessments

34

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1

2

within the last three years prior to when the District claims a triennial assessment was mandatory, the Parents declare that they gave the District an opportunity to assess G.B. properly.  The District failed."

3

The District objects to this evidence on the grounds the above statements make new

4

factual allegations without citing to the administrative record.  As a result, Plaintiff is required

5

to request leave of the Court to supplement the record as described in paragraph 1 *supra*.

6

Additionally, Ms. Brock represented her son at the due process hearing, and she testified for

7

over two hours during the three-day hearing.  Thus, Ms. Brock is rebutably presumed to be

8

foreclosed from submitting the above statements and is improperly trying to re-testify to patch

9

up holes in her case.  *Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998)

10

["[a] lenient standard for additional evidence would have the consequence of making the whole

11

IDEA process more time consuming, as parties scrambled to use the federal court proceeding to

12

patch up holes in their administrative case."].

13

78.    Opposition, at 9:4-5:  "During the hearing, the District did not establish that G.B. needs testing in the area of speech and language."

14

15

The District objects to the above statement as it is misleading and misrepresents the facts

16

in the record. The District had not conduct a speech and language assessment of Student in the

17

last three years. Test. J. Chandler 5/12/08 at 176:25; 177:1-2; Decision ¶ 10 at 4.  As conceded

18

by Plaintiff in his Opposition, the last speech assessment of Student, conducted by his private

19

therapist, was conducted in August 2006, more than a year prior to the development of the

20

triennial assessment plan.  Test. J. Chandler 5/12/08 at 177:13-14; Test. TB 5/13/08 at 333:19-

21

25; 333:1-2; Decision ¶ 10 at 4; Opposition at 9:15.  Additionally, in sharp contrast, the record

22

establishes a current speech and language assessment is necessary to identify Student's present

23

levels of performance, draft targeted individual goals and to develop an individualized and

24

appropriate speech therapy program.  Test. J. Chandler 5/12/08 at 175:7-21; 180:2-8.  Thus, this

25

statement is not supported by the testimony or evidence presented at the due process hearing.

26

The District further objects pursuant to FRE 901.

27

79.    Opposition, at 9:8-13:  "The evidence at the hearing shows the speech assessment was to be completed by the District's own speech therapist, Sharon Merrill.  Ms.

28

35

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1

2

3

> Merrill attended the IEP meeting on April 7, 2008 [sic] and developed the Speech portion of the assessment plan.  After Ms. Merrill failed to perform the speech assessment, even after she received an e-mail reminder, the Parent obtained permission from the District to have this assessment performed by G.B.'s private therapist."

4

5

6

7

8

9

10

11

    The District objects to this evidence on the grounds the above statements are irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed above have no relevance to any issue before the Court.

12

13

    80.    Opposition, at 9:14-16:  "G.B. had this assessment performed in August 2006, which was less than one year prior to his triennial date."

14

15

16

17

18

19

20

    The District objects to the above statement as it is misleading and misrepresents the facts in the record.  Dr. Cheong's 2006 assessment was not a triennial evaluation.  The record clearly establishes, and Plaintiff's Opposition concedes, that the District has not conducted a comprehensive triennial assessment, including a psychoeducational assessment of Student, since 2004. Opposition at 3:13; Test. JC 5/12/08 at 24:19-20; 25:18-21; 26:9-18; SX 1.E.1-12; Decision ¶ 1 at 2. Thus, this statement is not supported by the testimony or evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

21

22

    81.    Opposition, at 9:19-20:  " . . . the District chose instead to have a therapist testify who was removed from G.B.'s case at the recommendation of G.B.'s program manager after less than three months of service."

23

24

25

26

27

    The District objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

28

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

1    District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

2    IEE, Plaintiff has appealed this decision.    Therefore, the statement claimed above has no

3    relevance to any issue before the Court.

4        The District objects to this evidence on the grounds the above statement makes new

5    factual allegations without citing to the administrative record.    As a result, Plaintiff is required

6    to request leave of the Court to supplement the record as described in paragraph 1 *supra*.

7    Additionally, Ms. Brock represented her son at the due process hearing, and she testified for

8    over two hours during the three-day hearing.    Thus, Ms. Brock is rebutably presumed to be

9    foreclosed from submitting the above statement and is improperly trying to re-testify to patch up

10    holes in her case.    *Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998)

11    ["[a] lenient standard for additional evidence would have the consequence of making the whole

12    IDEA process more time consuming, as parties scrambled to use the federal court proceeding to

13    patch up holes in their administrative case."].

    82.    Opposition, at 9:28, 10:1-2:  "Specifically, these subjects should have occurred
        during the August 30, 2007 IEP meeting.  No action is warranted for the District
        in this area because the Parents only dispute that if these tests were necessary,
        and they should have been done a year ago in time for his ITP."

17        The District objects to this evidence on the grounds the above statements are irrelevant

18    and outside the scope of the issue on appeal under FRE 402 and 403.    Here, the District sought

19    resolution of two issues at the underlying due process hearing:  (1) whether the District has a

20    right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

21    8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.    As the ALJ determined the

22    District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

23    IEE, Plaintiff has appealed this decision.    Therefore, the statements claimed above have no

24    relevance to any issue before the Court.

25        The District also objects to the above statement as it is misleading and misrepresents the

26    facts in the record.    The record demonstrates Student requires a vocational assessment.    Cheryl

27    Ng, Student's case manager, who has a credential in vocational education, credibly established

28

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

SF 326027v1

1  the need for a vocational assessment. Test. CN 5/12/08 at 225:18-24; 225:25; 226:1-8. Based

2  on Student's age, vocational assessment is warranted and would be helpful to his IEP team.

3  Test. DD 5/14/08 at 436:9-17; 442:3-9. Because Student will soon be transitioning out of high

4  school, a vocational assessment will help the team to clearly target his post-secondary goals.

5  Test. CN 5/12/08 at 225:17-24. Thus, this statement is not supported by the testimony or

6  evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

7         83.    Opposition, at 10:3:  "The District has not properly assessed G.B. for
                    Occupational Therapy services for many years."

8

9        The District objects to this evidence on the grounds the above statement is irrelevant and

10  outside the scope of the issue on appeal under FRE 402 and 403. Here, the District sought

11  resolution of two issues at the underlying due process hearing:  (1) whether the District has a

12  right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

13  8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time. As the ALJ determined the

14  District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

15  IEE, Plaintiff has appealed this decision. Therefore, the statement claimed above has no

16  relevance to any issue before the Court.

17         84.    Opposition, at 10:5-7:  "Unfortunately, once again, his plan has not been
                     implemented or even presented to G.B.'s school by Teri Locke, even though Ms.

18                   Locke was G.B.'s Occupational Therapist during GB's freshman year."

19        The District objects to this evidence on the grounds the above statement is irrelevant and

20  outside the scope of the issue on appeal under FRE 402 and 403. Here, the District sought

21  resolution of two issues at the underlying due process hearing:  (1) whether the District has a

22  right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

23  8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time. As the ALJ determined the

24  District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

25  IEE, Plaintiff has appealed this decision. Therefore, the statement claimed above has no

26  relevance to any issue before the Court.

27         85.    Opposition, at 10:7-12:  "The Parents asked for an OT assessment because of the
                     District's failure to assess G.B. during his last triennial review and assessment

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA  94105

38

1

2

3

and the District's failure to assess him on April 7, 2006. The District failed to have the OT at the December 19, 2007 triennial IEP meeting. The District failed to have the OT contact the parents, as agreed, to obtain updated information about G.B. and discuss an assessment."

The District objects to this evidence on the grounds the above statements are irrelevant and outside the scope of the issue on appeal under FRE 402 and 403. Here, the District sought resolution of two issues at the underlying due process hearing: (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time. As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision. Therefore, the statements claimed above have no relevance to any issue before the Court.

86.    Opposition, at 10:16-18: "All the school was required to do to get the report was to pay Dr. Cheong's long overdue bill."

The District objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403. Here, the District sought resolution of two issues at the underlying due process hearing: (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time. As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision. Therefore, the statement claimed above has no relevance to any issue before the Court.

87.    Opposition, at 10:22-23: " . . . it based its triennial assessment plan on its own conjecture."

The District objects to this evidence on the grounds the above statement makes new factual allegations without citing to the administrative record. As a result, Plaintiff is required to request leave of the Court to supplement the record as described in paragraph 1 *supra*. Additionally, Ms. Brock represented her son at the due process hearing, and she testified for over two hours during the three-day hearing. Thus, Ms. Brock is rebutably presumed to be

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

39

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE NO. C-08-02805 EDL

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    foreclosed from submitting the above statement and is improperly trying to re-testify to patch up

2    holes in her case.  *Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998)

3    ["[a] lenient standard for additional evidence would have the consequence of making the whole

4    IDEA process more time consuming, as parties scrambled to use the federal court proceeding to

5    patch up holes in their administrative case."].

6        88.    Opposition, at 10:25-28, 11:1:  "The assessment plan developed for GB by the

7               District, and admitted to by the District, is a generic plan not specific to him or

           his suspected areas of disability or areas of demonstrated need.  District left the

8               Parents and G.B.'s other qualified professionals out of the process."

9          The District objects to the statement in this paragraph as it is misleading and

10    misrepresents the facts in the record.  Contrary to plaintiff's assertions, the assessment plan was

11    not blank or "generic" and provided Parents information regarding the areas Student would be

12    tested in.  Test. KH 5/13/08, at 389:11-25; Test. TB 5/13/08, at 320:22-25.    Thus, these

13    statements are not supported by the testimony or evidence presented at the due process hearing.

14    The District further objects pursuant to FRE 901.  The District further objects on the ground that

15    the statement regarding conversations between District staff and Ms. Brock is based upon

16    hearsay not subject to any exception under FRE 802 and 803.

17        89.    Opposition, at 11:2-4:  "Thus current academic testing information is "available"

           to the District.  G.B. has been assessed within the last three years by Dr. Cheong

18               and G.B.'s tutoring center . . ."

19          The District objects to this evidence as it is misleading and misrepresents the facts in the

20    record.  Dr. Cheong's 2006 independent assessment evaluated Student's academic achievement

21    only and was not a comprehensive triennial assessment.  Test. KH 5/13/08 at 402:10-13; 403:6-

22    10; DX 6. Plan  Dr. Cheong's 2006 assessment did not include any cognitive or intellectual

23    testing.  Test. KH 5/13/08 at 403:6-10; 404:12-13; DX 6.  Contrary to Plaintiff's assertions, the

24    District did not conduct a speech and language assessment in the last three years. Test. J.

25    Chandler 5/12/08 at 176:25; 177:1-2; Decision ¶ 10 at 4.  The last speech assessment of Student,

26    conducted by his private therapist, was conducted in August 2006, more than a year prior to the

27    development of the triennial assessment plan.  Test. J. Chandler 5/12/08 at 177:13-14; Test. TB

28                                          40

1    5/13/08 at 333:19-25; 333:1-2; Decision ¶ 10 at 4.

2        90.    Opposition, at 11:14-18: "G.B.'s Mother discovered the teacher was failing to
3               use G.B.'s sound field system (G.B. is virtually deaf without it).   Once this
               teacher began to use the system, he dramatically improved.  Ms. Miller admitted
4               that she failed to understand G.B.'s diagnosis and symptoms.

5    The District objects to this evidence on the grounds the above statements are irrelevant

6    and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

7    resolution of two issues at the underlying due process hearing:  (1) whether the District has a

8    right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

9    8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

10   District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

11   IEE, Plaintiff has appealed this decision.   Therefore, the statements claimed above have no

12   relevance to any issue before the Court.

13       The District also objects to the above statement as it is misleading and misrepresents the

14   facts in the record.The record supports the ALJ's determination regarding the need for an

15   academic reassessment.  Since Dr. Cheong's 2006 independent academic assessment, Student

16   has progressed academically.   Test. JT 5/12/08 at 117:15-18; 118:14-23; 145:12-15.   Since

17   Student's last academic evaluation in 2006, he has completed tenth and eleventh grade, passed

18   the high school exit exam, and his resistance to assistance has increased while his ability to

19   complete homework has improved.  Test. JT 5/12/08 at 146:17-22; 147:18-19. Test. Father

20   05/14/08 at 3:13-19.  During the beginning of the 2007-2008 school year, Student's teachers

21   approached the assistant principal, Ms. Terranova, and Student's case manager, Ms. Ng, about

22   his abilities, opining that he appeared to be more capable than the available documentation

23   suggested.   Test. JT 5/12/08 at 116:4-25; 117: 1; 117:5-18; Test. DM 5/12/08 at 196:18-25;

24   197:1-5; 198:14; 206:2-12; 211:1-13.  Because Student's skills have changed, because he has

25   progressed, and because the District needs to develop a program tailored to his individual needs,

26   academic reassessment is warranted. Thus, this statement is not supported by the testimony or

27   evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA  94105

---

41

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    The District further objects to this evidence on the grounds the above statements make

2   new factual allegations without citing to the administrative record.  As a result, Plaintiff is

3   required to request leave of the Court to supplement the record as described in paragraph 1

4   *supra*.  Additionally, Ms. Brock represented her son at the due process hearing, and she testified

5   for over two hours during the three-day hearing.  Thus, Ms. Brock is rebutably presumed to be

6   foreclosed from submitting the above statements and is improperly trying to re-testify to patch

7   up holes in her case.  *Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998)

8   ["[a] lenient standard for additional evidence would have the consequence of making the whole

9   IDEA process more time consuming, as parties scrambled to use the federal court proceeding to

10   patch up holes in their administrative case."].

11    91.    Opposition, at 11:19-21:  " . . . a preponderance of the evidence did show that the
             District needed a copy of his past assessments as well as personnel training."

12

13    The District objects to this evidence on the grounds the above statement is irrelevant and

14   outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

15   resolution of two issues at the underlying due process hearing:  (1) whether the District has a

16   right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

17   8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

18   District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

19   IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed above has no

20   relevance to any issue before the Court.

21    92.    Opposition, at 12:4-6:  "The undisputed evidence and testimony at trial shows
             that it was the District that failed to provide the speech assessment, failed to
22           provide the AT assessment for sixteen months, and failed to release Dr. Cheong's
             report."

23

24    The District objects to this evidence on the grounds the above statement is irrelevant and

25   outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

26   resolution of two issues at the underlying due process hearing:  (1) whether the District has a

27   right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

28   8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

42

District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision. Therefore, the statement claimed above has no relevance to any issue before the Court.

The District also objects to the above statement as it is misleading and misrepresents the facts in the record. The District has provided Parents with Dr. Cheong's assessment report. In fact, at the August 18, 2006 IEP meeting, Dr. Cheong presented the findings of her assessment and a written draft report. Exh. 820-821(stating "Jackie reviewed testing" and "Jackie shared test scores"); Exh. 524-526; Test. JC 5/12/08 at 33:21-23; 34:2-4; Test. TB 5/13/08 at 312:15-19; 313:22-25. Student's IEP team discussed Dr. Cheong's findings and utilized her test results and recommendations to develop Student's IEP program on August 18, 2006. The assessment results and information provided in the final report in March 2008 did not differ from the draft report Dr. Cheong presented to the IEP team on August 18, 2006. Test. JC 5/12/08 at 38:16-22; 39:1-3. Thus, this statement is not supported by the testimony or evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

93. Opposition, at 12:1-2: "Even its own expert stated three times for the record that the proposed District's testing was not appropriate."

The District objects to the above statement as it is misleading and misrepresents the facts in the record. Plaintiff cannot point to any evidence showing the parties jointly agreed that the triennial assessment was not necessary. Rather, the administrative record shows the District believed this triennial assessment was very necessary and demonstrated the conditions warranting such assessment. Test. CN 5/12/08 at 223:3-25; 224:1-3; Test. JC 5/12/08 at 41:25; 42:1-18; Test. JT 5/12/08 at 115:9-25; 116:1-3; Test. J. Chandler 5/12/08 at 175:7-25; 176:1-25; 177:1-2; Test. DM 5/12/08 at 196:17-25; 197:1-4; 198:9-14; Test. TL 05/13/08 at 1-25; 303:1-3; Test. KH 5/13/08 at 393:7-19. Thus, this statement is not supported by the testimony or evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

94. Opposition, at 12:2-3: "G.B. was subjected to extensive testing a year prior to his triennial and the District gave no valid reason why they needed standardized testing."

43

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

The District objects to the above statement as it is misleading and misrepresents the facts in the record. Contrary to Plaintiff's allegations, District members of Student's IEP team, including Dr. Cheong, an independent evaluator, believe that a triennial assessment is warranted. Test. CN 5/12/08 at 225:4-24; 226:9-13; Test. JC 5/12/08 at 41:11-25; 42:1-18; 46: 4-7; 96:2-11; Test. JT 5/12/08 at 113:21-25: 114:1-4; 117:19-22.  Opposition, at 12:24-26: "That form clearly shows that the Parents gave the District permission to use the District's speech therapist to do an assessment."  Thus, this statement is not supported by the testimony or evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

The District also objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed above has no relevance to any issue before the Court.

95.    Opposition, at 14:4-5:  "Dr. Cheong testified at the hearing that in her opinion, the District's proposed assessors are not qualified."

The District objects to the above statement as it is misleading and misrepresents the facts in the record. The preponderance of the evidence established that current assessments would assist Student's IEP team in targeting Student's unique needs, fostering independence, and developing an appropriate educational plan for the next school year.  Members of Student's IEP team, including Dr. Cheong, testified that current circumstances warrant re-assessment.  Test. CN 5/12/08 at 223:3-25; 224:1-3; Test. JC 5/12/08 at 41:25; 42:1-18; Test. JT 5/12/08 at 115:9-25; 116:1-3; Test. J. Chandler 5/12/08 at 175:7-25; 176:1-25; 177:1-2; Test. DM 5/12/08 at 196:17-25; 197:1-4; 198:9-14; Test. TL 05/13/08 at 1-25; 303:1-3; Test. KH 5/13/08 at 393:7-19.  Opposition, at 14:11-12:  "As the evidence proves, the District has not provided an

44

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    appropriate assessment plan and it has failed to perform their duty for the April 7, 2006

2    assessments." Thus, this statement is not supported by the testimony or evidence presented at

3    the due process hearing. The District further objects pursuant to FRE 901.

4        The District also objects to this evidence on the grounds the above statement is irrelevant

5    and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

6    resolution of two issues at the underlying due process hearing:  (1) whether the District has a

7    right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

8    8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

9    District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

10   IEE, Plaintiff has appealed this decision.   Therefore, the statement claimed above has no

11   relevance to any issue before the Court.

12       96.    Opposition, at 15:8-11:  "Expecting no evaluation or assessment reports after
              waiting almost two years, the Parents exercised their right provided by the IDEA
13            to obtain an IEE at District' expense."

14       The District objects to this evidence on the grounds the above statement makes new

15   factual allegations without citing to the administrative record.  As a result, Plaintiff is required

16   to request leave of the Court to supplement the record as described in paragraph 1 *supra*.

17   Additionally, Ms. Brock represented her son at the due process hearing, and she testified for

18   over two hours during the three-day hearing.  Thus, Ms. Brock is rebutably presumed to be

19   foreclosed from submitting the above statement and is improperly trying to re-testify to patch up

20   holes in her case.  *Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998)

21   ["[a] lenient standard for additional evidence would have the consequence of making the whole

22   IDEA process more time consuming, as parties scrambled to use the federal court proceeding to

23   patch up holes in their administrative case."].

24       97.    Opposition, at 15:18-21:  "However, Mr. Dildine and Dr, Cheong testified that
              the District's proposed assessments are not appropriate for GB.  Mr. Dildine also
25            testified that Autism is a diagnosis that must be made by a medical doctor."

26       The District objects to the above statement as it is misleading and misrepresents the facts

27   in the record. Contrary to Plaintiff's blatant mischaracterization of Dr. Cheong's testimony, Dr.

28                                                      45

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    Cheong established District assessors are qualified to conduct the assessments the District

2    sought to conduct.  Specifically, Dr. Cheong testified Jill Chandler, the District speech and

3    language therapist is qualified to assess Student in all areas related to a speech and language

4    assessment and continued to recommend the District conduct the triennial assessment.  Test. JC

5    5/12/08 at 44:20-25; 45:1-25; 46:4-7; 96:2-11.  Dr. Cheong opined Ms. Chandler has "less

6    experience in auditory processing," but stated that Ms. Chandler was a qualified speech and

7    language assessor.  *Id*. at 5-7.

8         Furthermore, Plaintiff's citation to Dr. Cheong's testimony at page 93 is a direct attempt

9    to twist the record to fit Plaintiff's arguments.  Dr. Cheong testified the District's psychologist,

10   Damon Wright, is qualified to evaluate students for autism but that she did not know if Mr.

11   Wright is certified to administer one particular assessment tool entitled the Autism Diagnostic

12   Observation Survey ("ADOS").  Test. Cheong 5/12/08 at 93:2-17.  Moreover, all of the District

13   staff involved are qualified to re-assess Student.  Test. JC 5/12/08 at 43:21-25; 44:1-15; Test. J.

14   Chandler 5/12/08 at 173:6-25; 174:1-12; Test.  CN 5/12/08 at 214:17-25; 215:1-9; 225:25;

15   226:1-8; Test. TL 5/13/08 at 296:20-25; 297:1-8; Test. KH 5/13/08 at 391:17-25; 392:1-5;

16   Decision,¶14 at 4.  Thus, this statement is not supported by the testimony or evidence presented

17   at the due process hearing. The District further objects pursuant to FRE 901.

18        98.   Opposition, at 16:9-11:  "In what one might construe as a preemptory strike, the
          District filed a complaint initiating a due process hearing before the IEP meeting
19        could be scheduled."

20        The District objects to this evidence on the grounds the above statement is irrelevant and

21   outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

22   resolution of two issues at the underlying due process hearing:  (1) whether the District has a

23   right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

24   8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

25   District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

26   IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed above has no

27   relevance to any issue before the Court.

28                                                      46

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1

2

99.   Opposition, at 17:1-2:  "The fact is that local education agencies regularly go outside of their own employed staff to obtain assessments and evaluations needed for special education students."

The District objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed above has no relevance to any issue before the Court.

The District also objects to this evidence on the grounds the above statement makes new factual allegations without citing to the administrative record.  As a result, Plaintiff is required to request leave of the Court to supplement the record as described in paragraph 1 *supra*. Additionally, Ms. Brock represented her son at the due process hearing, and she testified for over two hours during the three-day hearing.  Thus, Ms. Brock is rebutably presumed to be foreclosed from submitting the above statement and is improperly trying to re-testify to patch up holes in her case.  *Springer Fairfax County School Board*, 134 F.3d 659, 667 (4th Cir. 1998) ["[a] lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case."].

100.   Opposition, at 18:23-25:    "The statement 'The assessment results and information provided in the final report did not differ from the draft report Dr. Cheong presented to the IEP team on August 18, 2006' is factually not true."

The District objects to the above statement as it is misleading and misrepresents the facts in the record.  This report included the same scores and findings as the draft report presented in August 2006. Test. JC 5/12/08 at 38:16-22; 39:1-3.  Thus, this statement is not supported by the testimony or evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

47

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1  The District objects to this evidence on the grounds the above statements make new

2  factual allegations without citing to the administrative record and Plaintiff is improperly trying

3  to cross examine the witness.  As a result, Plaintiff is required to request leave of the Court to

4  supplement the record as described in paragraph 1 *supra*.  Additionally, Ms. Brock represented

5  her son at the due process hearing, and she testified for over two hours during the three-day

6  hearing.  Thus, Ms. Brock is rebutably presumed to be foreclosed from submitting the above

7  statements and is improperly trying to re-testify to patch up holes in her case.  *Springer Fairfax*

8  *County School Board*, 134 F.3d 659, 667 (4th Cir. 1998) ["[a] lenient standard for additional

9  evidence would have the consequence of making the whole IDEA process more time

10  consuming, as parties scrambled to use the federal court proceeding to patch up holes in their

11  administrative case."].

12  101.  Opposition, at 18:27-28, 19:1-8:  "On the draft page one it states, 'Dates of
13  assessment: 4?29/06, 4/30/06, 6/11/06' however the final report adds a date of
     6/12/06.  The final report states 'Woodcock Johnson Test Achievement
14  (scheduled but not given for reasons of time).  However she had numerous
     opportunities between 4/30/06 and 6/11/06.  In the Draft, paragraph ¶3, 'Relevant
15  past evaluations' there are 3 sentences and 27 sentences (3 paragraphs) in the
     main report.  There is no relevant information in the 3 sentences and substantial
16  information in the draft.  'Test observation was 8 sentences in the draft and an
     entire page in the final report.  Test results are 8 ½ sentences in the draft (just
17  numbers) vs. a page and a half of detailed information.  There is no Summary
     and Recommendations in the draft, however there are 8 recommendations (an
18  entire page) in the main report, including a recommendation for an assessment to
     rule Autism Spectrum Disorder.  There is no comparison between the simple one
19  page draft and the report."

20  The District objects to this evidence on the grounds the above statements make new

21  factual allegations without citing to the administrative record and Plaintiff is improperly trying

22  to cross examine the witness.  As a result, Plaintiff is required to request leave of the Court to

23  supplement the record as described in paragraph 1 *supra*.  Additionally, Ms. Brock represented

24  her son at the due process hearing, and she testified for over two hours during the three-day

25  hearing.  Thus, Ms. Brock is rebutably presumed to be foreclosed from submitting the above

26  statements and is improperly trying to re-testify to patch up holes in her case.  *Springer Fairfax*

27

28

48

SF 326027v1

*County School Board*, 134 F.3d 659, 667 (4th Cir. 1998) ["[a] lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case."].

102.    Opposition, at 20:26-28:  "Parents believe that this is a diagnosis that should have been ruled 'in' two years ago."

The District objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an IEE, Plaintiff has appealed this decision.   Therefore, the statement claimed above has no relevance to any issue before the Court.

The District also objects to the above statement as it is misleading and misrepresents the facts in the record. Testimony at the due process hearing demonstrated the assessment results and information provided in the final report did not differ from the draft report Dr. Cheong presented to the IEP team on August 18, 2006.  Test. JC 5/12/08 at 38:16-22; 39:1-3.  Thus, this statement is not supported by the testimony or evidence presented at the due process hearing. The District further objects pursuant to FRE 901.

103.    Opposition, at 21:2-4:  "Here the District is aware that the Student's change in identification is warranted, and they failed to notify them."

The District objects to this evidence on the grounds the above statement is irrelevant and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought resolution of two issues at the underlying due process hearing:  (1) whether the District has a right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January 8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

49

1    IEE, Plaintiff has appealed this decision.   Therefore, the statement claimed above has no

2    relevance to any issue before the Court.

3          104.    Opposition, at 21:21-24:   "Due to failures to 'discharge', the speech and
              language assessment was completed by Student's private therapist utilizing the
4             testing instruments developed by the District's speech therapist."

5          The District objects to this evidence on the grounds the above statement is irrelevant and

6    outside the scope of the issue on appeal under FRE 402 and 403.   Here, the District sought

7    resolution of two issues at the underlying due process hearing:   (1) whether the District has a

8    right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

9    8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.   As the ALJ determined the

10   District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

11   IEE, Plaintiff has appealed this decision.   Therefore, the statement claimed above has no

12   relevance to any issue before the Court.

13         105.    Opposition, at 21:25-26:   "The District is aware of these additional tests, but
              refuses to release those results."
14

15         The District objects to the above statement as it is misleading and misrepresents the facts

16   in the record.   The District did not request, is not aware of and did not receive information on

17   any cognitive assessment conducted by Dr. Cheong in 2006.   Test. KH 5/13/08 at 115:6-10.

18   Thus, this statement is not supported by the testimony or evidence presented at the due process

19   hearing. The District further objects pursuant to FRE 901.

20         106.    Opposition, at 22:3-10:   "Without a copy of G.B.'s last assessment, on December
              19, 2007, the District provided Parents with a generic assessment document with
21            Student's name at the top and demanded that they sign it unconditionally.   The
              District argues that it expect parents to 'trust them' or be sued.   This is the same
22            District the parents trusted on April 7, 2006 to properly assess their child.   When
              asked, the district did not know what assessments it was requesting and waited a
23            month to tell parents.   Thus, a month later the report was 'enhanced' retrofitting
              what the District had already requested instead of looking at the Student's needs
24            absent G.B.'s last assessment."

25         The District objects to the statement in this paragraph as it is misleading and

26   misrepresents the facts in the record.   Contrary to plaintiff's assertions, the assessment plan was

27

28                                                   50

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

SF 326027v1

1    not blank or "generic" and provided Parents information regarding the areas Student would be

2    tested in.   Test. KH 5/13/08, at 389:11-25; Test. TB 5/13/08, at 320:22-25.    Thus, these

3    statements are not supported by the testimony or evidence presented at the due process hearing.

4    The District further objects pursuant to FRE 901.  The District further objects on the ground that

5    the statement regarding conversations between District staff and Ms. Brock is based upon

6    hearsay not subject to any exception under FRE 802 and 803.

7        107.    Opposition, at 22:20-22:  Parents were not kept updated on any concerns from
              Student's teachers and were not provided updates on his goals.    Critical
8              information is missing from this draft."

9        The District objects to this evidence on the grounds the above statements are irrelevant

10   and outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

11   resolution of two issues at the underlying due process hearing:  (1) whether the District has a

12   right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

13   8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

14   District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

15   IEE, Plaintiff has appealed this decision.  Therefore, the statements claimed above have no

16   relevance to any issue before the Court.

17       108.    Opposition, at 24:14-15:  "The Parents presented evidence showing the District
              fails to 'discharge' their legal obligation regarding goals and fails to report
18             quarterly progress as required by law."

19       The District objects to this evidence on the grounds the above statement is irrelevant and

20   outside the scope of the issue on appeal under FRE 402 and 403.  Here, the District sought

21   resolution of two issues at the underlying due process hearing:  (1) whether the District has a

22   right to assess Plaintiff pursuant to its October 11, 2007 assessment plan, as revised on January

23   8, 2008; and (2) whether Plaintiff is entitled to an IEE at that time.  As the ALJ determined the

24   District is entitled to assess pursuant to the assessment plan and Plaintiff is not entitled to an

25   IEE, Plaintiff has appealed this decision.  Therefore, the statement claimed above has no

26   relevance to any issue before the Court.

27       109.    Opposition, at 24:22-28:  "In addition, there are concerns over reporting mistakes

28                                            51

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

SF 326027v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    when comparing her report in 2006 to her report in 2004 in the area of listening
2    comprehension and oral expression.  On the last sentence of page 2 of the 2006
3    report, it states 'The reader is referred to his chart for a review of previous
     evaluations.'  There is no chart.  Dr. Cheong provided little input from any
4    participants listed on the first page of her report.  Due to the missing chart, there
     was an overall failure to compare progress and regression."

5        The District objects to this evidence as Plaintiff is improperly attempting to re-cross
6    examine Dr. Cheong at the same time making new factual allegations without citing to the
7    administrative record.  As a result, Plaintiff is required to request leave of the Court to
8    supplement the record as described in paragraph 1 *supra*.  Additionally, Ms. Brock represented
9    her son at the due process hearing, and she testified for over two hours during the three-day
10   hearing.  Thus, Ms. Brock is rebutably presumed to be foreclosed from submitting the above
11   statement and is improperly trying to re-testify to patch up holes in her case.  *Springer Fairfax*
12   *County School Board*, 134 F.3d 659, 667 (4th Cir. 1998) ["[a] lenient standard for additional
13   evidence would have the consequence of making the whole IDEA process more time
14   consuming, as parties scrambled to use the federal court proceeding to patch up holes in their
15   administrative case."].

16       110.   Opposition, at 15:11-13:  "Three days after the parents made their request, the
                District finally provided the Parents a copy of the incomplete report accompanied
17              by yet another threat against them by the District to sue me."

18       The District objects to this statement as Plaintiff improperly relies on an exhibit not
19   admitted by the Administrative Law Judge.  As a result, Plaintiff is required to request leave of
20   the Court to supplement the record as described in paragraph 1 *supra*.

21       The District will respectfully request the Court at hearing on the motion to sustain the
22   above objections and to strike the evidence referred to above.

23   DATED: August 15, 2008                    MILLER BROWN & DANNIS

24

25                                             By:  /s/ Sarah L. Daniel
26                                             SARAH L. DANIEL
                                               Attorneys for Defendant
27                                             SAN RAMON VALLEY UNIFIED SCHOOL
                                               DISTRICT
28
                                          52

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

53

DISTRICT'S OBJECTIONS TO EVIDENCE REFERENCED IN PLAINTIFF'S RESPONSE AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF TAMARA BROCK; CASE
NO. C-08-02805 EDL

SF 326027v1