

1  T. B.
Address Redacted
2  Parent Representative for Plaintiff

**FILED**

3

SEP -2 AM II: 20

4

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5  IN THE UNITED STATES DISTRICT COURT

6  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  G.B, a minor, by and through T.B., His     Case No. C08-02805 EDL
Guardian Ad Litem,
9                                             **PLAINTIFF CASE MANAGEMENT
                                              STATEMENT**
10        Plaintiff,

11    v.                                      **[Northern District of California Civil Local
                                              Rule 16-9]**
12  SAN RAMON VALLEY UNIFIED
SCHOOL DISTRICT,                              **Date:        September 9, 2008**
13                                            **Time:        3:00 p.m.**
                                              **Courtroom: E, 15th Floor**
14        Defendant.                          **Judge:       Hon. Elizabeth D. Laporte**
                                              **Complaint filed: June 5, 2008**
15

16

17        Pursuant to Northern District of California Civil Local Rule 16-9, Plaintiff, G.B.

18  ("Plaintiff") hereby submits his case management statement in this matter.

19  **1. JURISDICTION AND SERVICE:**

20        This case arises under the Individuals with Disabilities Education Act ("IDEA"), Section

21  1400 *et seq.* of Title 20 of the United States Code. The Court has federal question subject matter

22  jurisdiction pursuant to Section 1331 of Title 28 of the United States Code. Defendant was served

23

24  and has filed an answer. There are no outstanding service issues.

25        Defendant District filed a Motion for Summary Judgment prior to the Case Management

26  Meeting. G.B. responded to Defendant's motion to Dismiss. G.B. will file his Motion for

27

28

-1-

1    Summary Judgment as set out in the Case Management schedule, to which both parties jointly

2    agreed.

3

4    **2. FACTS**

5        Plaintiff's Factual Contentions

6        G.B. is a seventeen-year-old student who lives within the boundaries of the San Ramon

7    Valley Unified School District. G.B. is classified as speech and language impaired. A recently

8    released report suggests he is on the Autism spectrum. G.B. receives special education services

9    through an individualized education plan ("IEP").

10       G.B.'s parents asked for an independent educational evaluation ("IEE") at District

11   expense because they disputed the assessment the District agreed to perform. The District made

12   that agreement during G.B.'s April 7, 2006 IEP meeting. The school district and G.B.'s parents

13   did agree to an evaluation, but the parents do not agree with the evaluation report the evaluator

14   produced because of several reasons. The report contained errors. In addition, vital information

15   was missing from that report. The District did not give the parents a complete copy of its final

16   report until March 13, 2008 because the District failed to pay the assessor it hired to perform the

17   assessment. On August 18, 2006, the parents did not give consent to a report the district had not

18   produced.

19       The assessment performed from the April 7, 2006 assessment agreement was not an IEE.

20   Although the District used a person who was not an employee perform the assessment, this did

21   not convert the April 7, 2006 assessment agreement to an IEE. Parents have a right to an IEE due

22   to procedural violations from the administration of the April 7, 2006 assessment agreement.

23       The District filed for an administrative hearing on April 8, 2008 to dispute the Plaintiff's

24   request to obtain an IEE at District expense and to obtain permission to perform a triennial

25   assessment without G.B.'s parents' input, consent, and without input from G.B.'s services

26   providers.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G.B.'s parents disagree with the proposed reassessment and believe he is entitled to an IEE at District expense. G.B.'s parents maintain the IDEA provides for parental participation in each stage of an IEP for their child, including school district evaluations. The IEP is founded upon proper evaluations because evaluations of several kinds determine a child's academic achievement and functional performance, which is the first section of every IEP. The school district's own evaluator determined that G.B.'s presentation is consistent with a child on the Autism spectrum. The District's previous evaluations either missed G.B.'s autistic presentation or the District's previous evaluations were not sufficient. Either way, G.B.'s parents believe that without their participation in planning the assessment proposed by the District the evaluation will not be as definitive as it should be to describe his present levels of academic achievement and functional performance. Due to procedural violations, the IEP team did not have a copy of G.B.'s last assessment to determine what, if any, additional assessments were needed.

## 3. LEGAL ISSUES

This is an appeal from the decision of an administrative law judge ("ALJ") in a special education case "due process" proceeding. In that case, the ALJ considered the following legal issues:

1.    Is the District entitled to conduct a triennial assessment of Student in accordance with the October 11, 2007 and the January 18, 2008 enhanced assessment plan?

2.    Are Parents entitled to an Independent Educational Evaluation at District's expense?

G.B. contends that the ALJ made reversible errors of fact, law and mixed questions of fact and law. G.B. believes the ALJ wrongly decided the issues that were determined in favor of the District pursuant to the IDEA and the California Education Code. G.B. contends that the ALJ did not take procedural violations that interfered with an appropriate assessment plan into consideration. Because the procedural violations interfered with developing an appropriate plan, the parents believe G.B. should have an IEE at public expense.

## 4. MOTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Currently pending are the District's motions to supplement the administrative record and for summary judgment. The hearing is set for both motions for September 2, 2008.

G.B. intends to file his own motion to supplement the record and motion for summary judgment.

## 5. AMENDMENT OF PLEADINGS

The parties currently have no plans to amend the pleadings to add or dismiss parties, claims, or defenses from this action.

## 6. EVIDENCE PRESERVATION

This case is proceeding as an appeal from an administrative decision.

G.B. intends to move to supplement the administrative record as 20 U.S.C. § 1415(i)(2)(C)(ii) permits.

The parties have obtained a copy of the transcripts, evidence, and pleadings from the administrative "due process" proceeding. The Defendant lodged the record with the Court.

A portion of the Administrative Record was not recorded. The Office of Administrative Hearings ("OAH") has recreated the missing transcript from both G.B.'s and the Defendant's unofficial recordings. The Plaintiff has reviewed the transcript and has provided OAH with the corrections. Plaintiff is working with OAH and the District to obtain a complete certified copy. OAH is in the process at this time in certifying the final record.

## 7. DISCLOSURES AND DISCOVERY

The parties certify that they have discussed the requirements of Federal Rules of Civil Procedure, Rule 26(a), with respect to initial disclosures.

G.B. intends to supplement the administrative record as 20 U.S.C. § 1415(i)(2)(C)(ii) permits.

At this time, G.B. intends to move to supplement the administrative record to include the following: 1) missing pages of the August 30, 2006 IEP which was entered into evidence during the administrative hearing; 2) an IEP written after the due process hearing; 3) G.B.'s high school

-4-

1    exit exam results, including writing samples and statements; and 4) documentation in relation to

2    the ALJ's experience. Plaintiff reserves the right to add additional supplementation.

3
4    Since this case is a review of an administrative hearing, Plaintiff believes no initial
     disclosures or discovery is necessary.
5

6    **9. CLASS ACTIONS**

7    This matter is not proceeding as a class action.

8    **10. RELATED CASES**

9    There are no cases related to this matter.

10   **11. RELIEF**

11   G.B. seeks the following relief:

12   (a) For a finding that G.B. is entitled to an IEE;

13   (b) For a finding that the District is not entitled to further assess G.B.

14   Parents assert 34 C.F.R. § 300.502 (b)(4) gives the District just two choices: provide an IEE or

15   formally request a due process hearing to prove its assessment is appropriate. Under the facts of this

16   case, the regulation does not provide for or require parents to ask for an administrative hearing for the

17   Court to rule on this issue.

18   **12. SETTLEMENT AND ADR**

19   The parties did not participate in mediation as part of the administrative proceeding. G.B.

20   agrees to ADR with a magistrate judge to explore whether settlement of this case is possible.

21   Plaintiff will file his motion for summary judgment consistent with the terms of the schedule

22   contained in the agreement between Plaintiff's parents and the school district. Plaintiff will file

23   his motion for summary judgment, which he believes will resolve his case. Plaintiff is a senior

24   student in high school. His individualized special education program is in place for this school

25   year. Under state law, G.B. is entitled to special education services until he reaches the age of 22.

26   Because his eligibility is not expiring soon, he is not asking the court to expedite this matter.

27

28

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties consent to a magistrate judge for all purposes.

**14. OTHER REFERENCES**

None

**15. NARROWING OF ISSUES**

The parties believe the issues are narrowed to the essential questions.

**16. EXPEDITED SCHEDULE**

Plaintiff believes this case does not warrant an expedited schedule.

**17. SCHEDULING**

If this matter is not resolved by defendant's motion for summary judgment, the parties propose the following dates for this matter:

| Action | Proposed Completion |
|---|---|
| Plaintiff's Motion to Supplement the Record Filed | September 23, 2008 |
| Hearing on Plaintiff's Motion to Supplement | October 28, 2008 |
| Second Case Management Conference to Determine If Discovery or Further Supplementation Necessary | October 28, 2008 |
| Plaintiff's Motion for Summary Judgment filed | November 10, 2008 |
| Opposition to Plaintiff's Motion for Summary Judgment | November 25, 2008 |
| Reply for Motion for Summary Judgment | to be determined after holiday |
| Hearing on Motions for Summary Judgment | to be determined |

**18. TRIAL**

The parties expect to resolve all issues in this case via the motions for summary judgment.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Local Rule 3-16, G.B. certifies that as of this date, other than the named parties, there is no such interested party to report.

1    DATED: September 2, 2008

2

3                                           By: _J.B._____

4                                           T.B.
                                            Parent Representative for G.B.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28